6969

THE GEORGE NORRIS CO. v. S. H. LEVIN'S SONS.

1. ATTACHMENT—AFFIDAVIT.—FINDINGS OF FACT by Circuit Court on motion to vacate an attachment are conclusive upon this Court. An affiant need not state in an affidavit to obtain an attachment the source of his information that "defendant is a foreign corporation." An affidavit contra on information raises no issue.

2. ORDER OF SERVICE BY PUBLICATION and personal service of non-resident out of the State is a sufficient service under the Code of a non-resident corporation of summons, complaint and affidavit for attachment.

Before KLUGH, J., Richland, December, 1907. Affirmed.

Action by The George Norris Company against S. H. Levin's Sons. From orders refusing to vacate attachment and to set aside service of summons, defendant appeals.

*Messrs. B. P. McMaster* and *James S. Verner,* for appellant, cite: *The complaint and affidavit are not sufficiently definite and certain:* 10 S. C., 469; 21 S. C., 583; 28 S. C., 184. *This action can only be maintained against a corporation:* 6 S. C., 169; *and that allegation being in alternative, complaint is subject to demurrer:* 36 S. C., 28; 15 S. C., 128; 12 S. C., 8.

*Mr. Hunter A. Gibbes,* contra, cites: *Objections raised should be made by answer or demurrer:* 4 Cyc., 784; 31 Ala., 314; 11 Minn., 23; 6 S. C., 176; 25 S. C., 461. *Affidavit sufficient which states fact of foreign corporation with other facts and circumstances:* 6 S. C., 175; 31 S. C., 36. *This Court has no jurisdiction of questions of fact arising on this motion:* 25 S. C., 467; 31 S. C., 453; 43 S. C., 338; 4 Cyc., 810; 43 S. C., 347; 47 S. C., 16; 3 Ency. P. & P., 75; 35 S. C., 99; 39 S. C., 494. *Service in this case is sufficient:* 19 Ency. P. & P., 740-5-8; 30 S. C., 526; 22 S. C., 118; 23 S. C., 154; 4 Rich., 561; 19 S. C., 535; 19 S. C., 537; 33 S. C., 609; 42 S. C., 518; 17 Misc. (N. Y.), 556; 79 Cal., 56; 8 S. C., 47; 39 S. C., 484; 76 S. C., 130; 73 S. C., 526; 33 S. C., 609; 18 Ency. P. & P., 927; 48 S. C., 566; 77 S. C., 397; 64 Tex., 47; 52 Ala., 192. *Defects not appearing on face of complaint should be noticed by answer or motion to amend:* 18 S. C., 557; 2 Waite's Pr., 448; Code of Proc., 169; 21 S. C., 27; 25 S. C., 309; 7 S. C., 472; 12 S. C., 56, 137, 592; 11 S. C., 409; 12 S. C., 130; 39 S. C., 439; 47 S. C., 211, 64; 52 S. C., 205.

July 23, 1908. The opinion of the Court was delivered by

Mr. Chief Justice Pope. By the terms of a summons served in this case the defendant was required to serve a copy of his answer upon Hunter A. Gibbes, as attorney for plaintiff, at his office in the city of Columbia, S. C.

The following is the complaint:

"The plaintiff above named, complaining of the defendant herein, alleges:

1. "That the plaintiff, The George R. Norris Company, is now, and at the times hereinafter mentioned was, a corporation, organized and chartered under the laws of the State of South Carolina, and doing business in the city of Columbia, in the county and State aforesaid.

2. "That the defendant, S. H. Levin's Sons, is now, and at the times hereinafter mentioned was, a corporation or a

partnership, doing business in the city of Philadelphia, in the State of Pennsylvania.

3. "That, heretofore, on or about the 19th day of June, 1907, the plaintiff entered into a contract with the defendant by which the plaintiff agreed to purchase from the said defendant the following described merchandise: Fifty tubs, 100 count, 7's, 8's, Fat 'Star' Brand five-cent mackerel, for which the said plaintiff agreed to pay the sum of $137.50.

4. "That, thereafter, on the 22d day of June, 1907, the shipment of fifty tubs of salt fish was made by the defendant to the plaintiff; that thereafter, before the said shipment was received by the plaintiff, and before examination of the goods, the said plaintiff, relying upon the representation of the defendant, that the goods so shipped were of *the quality or kind* which the plaintiff had ordered, paid the amount of the said purchase price to the defendant.

5. "That, thereafter, the said goods arrived and were received by the plaintiff company; that the said goods so received were not in accordance with the terms of the said contract, in that they were not of *good* quality, being unsound, and in that the mackerel were not of the sizes ordered and agreed to be shipped under the terms of the contract; that by reason of such defect in the quality, and by reason of the sizes of the mackerel not being sizes which were ordered and agreed to be shipped and sold, the said mackerel are *unsalable.*

6. "That by reason of such defect in quality and by reason of the irregularity in the sizes of the said mackerel, and on account of their unsalableness, the plaintiff has been damaged in the sum of $120.

"Wherefore, plaintiff demands judgment against the said defendant for the sum of $120 (one hundred and twenty dollars), and for the costs of this action."

The foregoing complaint was duly verified on the 26th day of September, 1907. The following affidavit was submitted by Hunter A. Gibbes:

"Personally appears Hunter A. Gibbes, who, being duly sworn, says that he is attorney for the plaintiff in the above action; that the defendant, S. H. Levin's Sons, can not, after due diligence, be found within this State; that a cause of action exists against the said defendant for the recovery of $120 in favor of the plaintiff on account of the defective quality of fifty tubs of mackerel, purchased by the plaintiff from the defendant, and by reason of the said mackerel not being the kind agreed to be purchased; that the said defendant, so the plaintiff is informed and believes, is a resident of and has its business in the city of Philadelphia, in the State of Pennsylvania; that the defendant owns property in this State, the same being a claim against J. E. Young & Bro., of Columbia, S. C., amounting to about $150, and that it is desirable that service be made upon the said defendant by publication."

And thereupon, on the 4th day of October, 1907, under the hand and seal of J. F. Walker, clerk of court for Richland county, the following order was made:

"On reading the foregoing affidavit, and it appearing that a cause of action exists against the defendant, S. H. Levin's Sons, in favor of the above named plaintiff, and that the said defendant, after due diligence, cannot be found in this State; and it appearing that the said defendant is a non-resident and owns property in this State;

"*Now, therefore,* it is ordered, that service of the summons in the above entitled action be made upon the defendant by publication; that it is hereby directed that the publication of said summons be made and published in *The State,* a newspaper published in this county, once a week for six successive weeks; that it is further ordered that a copy of the summons and a copy of the complaint in this action be forthwith deposited in the postoffice at Columbia, S. C., postage prepaid, directed to the defendant, S. H. Levin's Sons, at 30 South Delaware avenue, Philadelphia, in the State of Pennsylvania."

On the 15th day of October, 1907, George C. Freeman made the following return of service of the summons and complaint and affidavit upon the defendant:

"Personally appears George C. Freeman, who, being duly sworn, says that he served the summons and complaint and affidavit in the above entitled action on the defendant, S. H. Levin's Sons, on the 12th day of October, 1907, by delivering to and leaving with S. H. Levin copies of the same; that the said S. H. Levin is one of the firm of the said defendant, which is S. H. Levin's Sons; that he knows the defendant so served to be the one mentioned in the summons and complaint and described as S. H. Levin's Sons; and that he is not a party to this action."

Thereafter the following notice of motion was given by B. P. McMaster, as attorney for defendant, and the affidavit accompanying the same:

*"Notice of a Motion to Vacate Attachment.*

"To Hunter A. Gibbes, Esq., Attorney for Plaintiff:

"Please take notice that at eleven o'clock a. m., of the eighth day of November, 1907, or as soon thereafter as counsel can be heard, I shall appear before the Honorable George Johnstone, presiding Judge, at his chambers in Lexington, S. C., for the purpose of making a special motion to vacate and set aside the attachment issued in the above entitled action, on the 27th day of September, 1907, for the following reasons:

1. "Because the said attachment was irregularly issued, in that the affidavit upon which the said attachment was based does not give the source of affiant's information that 'the defendant is a foreign corporation,' and 'owns property in this State.'

2. "That neither the said affidavit nor the complaint in this action state facts sufficient to constitute a cause of action, in that they both fail to state (a) that the said mackerel were warranted to come up to any standard, or that they were sold by sample; (b) or that they were sold to him as

good, sound, salable mackerel; (c) or that the defendant was guilty of fraud in the sale of the same, or that the same were worthless, or that the plaintiff had offered to return the same to the defendant, or account for their value, or that the defendant had agreed to take them back if they did not suit the plaintiff.

3. "Because the said attachment was improvidently issued, in that the said defendant, as appears by the affidavit hereto attached, is not a foreign corporation as alleged in said affidavit."

"Personally comes B. P. McMaster, who, being duly sworn, says:

"That he is the attorney for the defendant in the above entitled action, and is authorized to appear in their behalf for the purpose of this motion, and upon information and belief, the source of deponent's information being the attached telegram, this deponent says that the defendant is not a foreign corporation as alleged in the complaint and affidavit herein."

Upon this motion Judge J. C. Klugh made the following order on the 6th day of December, 1907:

"This cause comes before me on motion to dissolve the attachment made at the time of the commencement of this action.

"On hearing the motion, and after argument of counsel, it is ordered that the motion be, and the same is dismissed, with cost.    Let all the papers used on this hearing be filed."

Subsequently, to wit, on December, 7, 1907, this additional notice was given to Hunter A. Gibbes, plaintiff's attorney, by B. P. McMaster and J. S. Verner, defendant's attorneys:

"To Hunter A. Gibbes, Esq., attorney for plaintiff:

"Please take notice that at ten o'clock a. m. of Wednesday, December 11, 1907, or as soon thereafter as counsel can be heard, I shall make a special appearance before the Honorable J. C. Klugh, in courthouse at Columbia, S. C.,

for the purpose of a special motion to set aside the service of the summons in the above entitled action upon the following grounds, to wit: in that the Court was without jurisdiction.

1. "Because, as shown by the summons, complaint and affidavit of attachment in the above entitled cause, the said action was commenced against S. H. Levin's Sons as a foreign corporation, and as appears by the proof of service of the summons, no service was ever made upon the defendant personally within thirty days of the issuance of the attachment, as required by section 243 of the Code of 1902, nor any publication of summons made within said time."

On December 13, 1907, Judge J. C. Klugh made the following order:

"This cause came on to be heard before me on a motion to set aside the service of the summons and complaint; after argument of counsel.

"It is ordered and adjudged that the motion be, and the same is hereby, dismissed."

From these orders the defendant appealed on the following exceptions:

1. "Because his Honor, Judge Klugh, erred in not holding that the said attachment was irregularly issued, in that the affidavit upon which the said attachment was based does not give the source of affiant's information that 'the defendant is a foreign corporation and owns property in this State.'

2. "Because his Honor erred in not holding that said attachment was improvidently issued, in that the said defendant, as appeared by the affidavit of B. P. McMaster and by the record, is not a foreign corporation, as alleged in plaintiff's affidavit.

3. "Because his Honor, Judge Klugh, erred in not dismissing the attachment, since the undisputed evidence consisting of the affidavit of B. P. McMaster, and of the affidavit showing service of summons upon the defendant, and the admission of counsel made in open court, show conclusively that the defendant is not a foreign corporation.

4. "Because his Honor erred in not vacating and setting aside the attachment upon the ground that the allegation of the plaintiff complained to the effect that the defendant is either a foreign corporation or partnership, is insufficient to sustain an attachment, for the reason that the said allegation does not sufficiently designate the persons against whom the said attachment was issued.

5. "Because his Honor, Judge Klugh, erred in not setting aside the service of summons in said action upon the ground that the Court was without jurisdiction, since as shown by the summons, complaint and affidavit of attachment in the above entitled cause, the said action was commenced against S. H. Levin's Sons as a foreign corporation, and as appears by the proof of the service of the summons; no service of said summons was ever made upon the defendant personally within thirty days of the issuance of the attachment, as required by section 248 of the Code of 1902, nor was any publication of summons made within said time.

6. "Because his Honor, Judge Klugh, erred in not holding that the Court was without jurisdiction, since the record shows and all the evidence shows to the exclusive effect that no summons was ever served upon the defendant, either personally or by publication, as required by the Code of 1902.

7. "Because his Honor, Judge Klugh, erred in not holding that the service of summons was insufficient, because the proof of service does not show that the said summons was served upon the defendant personally after an order of publication thereof had been obtained, and because the proof of service does not show that the said summons was ever served by publication, i. e., by depositing a copy thereof in the postoffice, addressed to the defendant at his place of residence, as required by law; and in not holding that the said action must be regarded as having been commenced against the defendant as a foreign corporation, and not as a partnership, since a partnership as such has no legal entity,

and since the summons and complaint failed to state the names of the individuals composing the partnership."

We will now proceed to examine the grounds of appeal:

1. The affidavit and sworn complaint of the plaintiff states exactly what was required by section 250 of the Code, which authorizes the issuance of a warrant of attachment whenever it should appear by affidavit that a cause of action exists against the defendant, specifying the claim and the grounds thereof, and that the defendant is either a foreign corporation or not a resident of this State, and that it shall be the duty of the plaintiff securing the said warrant, at the time of the issuing thereof, to cause the affidavit on which the same was granted to be filed in the office of the clerk of Court of Common Pleas for Richland county, S. C., before whom the warrant was issued, within forty-eight hours after the issuance of the attachment. He shall also cause copies thereof to be served on the defendant if he can be found within the county.

All these things were done, though it may be said that a copy of all these papers were served upon the defendant at its place of business, 30 South Delaware avenue, Philadelphia, in the State of Pennsylvania, which last fact appears by the affidavit of Geo. C. Freeman.

We do not think that the Circuit Judge erred as in this exception is alleged, for it is stated in the complaint that the defendant was either a foreign corporation or partnership doing business in Philadelphia, Pa., and the affidavit for publication states that defendant is a non-resident of this State, which was controverted by the affidavit of B. P. McMaster, Esq., on information and belief alone. This question was heard by the Circuit Judge and his finding is conclusive; for as is said in 4th Cyc., at page 810: "The refusal of a motion to vacate an attachment conclusively establishes the truth of the allegations on which the attachment issued." Being a matter of fact, no question can be made in this Court thereon. This exception must be overruled.

2. The same reasoning employed in disposing of the foregoing exception will be used in disposing of this second ground. It should be remarked that the question here sought to be solved is one of form and not of substance; our attachment laws as laid down in our Code of Procedure regulating attachments are fully answered when the exact language of the Code is stated. Especially is this true when we recall the fact that the object of the requirement of the attachment laws is directed to the giving of notice to the defendant, and it cannot be anywhere maintained that this notice was not given the defendant. This exception is overruled.

3. Reference is made here to an admission of counsel for the plaintiff, this so-called admission appears for the first time in the argument; the exact language of the plaintiff's counsel is not quoted and in his argument he contends that any reference by him, plaintiff's attorney, was not asserting any fact but purely as an illustration. Why Judge Klugh did not regard as undisputed evidence the affidavit of B. P. McMaster, Esq., was because it was made merely upon information and belief. This exception is overruled.

4. We cannot sustain this exception, because the language of our Code was quoted in its exact words; this, together with other reasons hereinbefore advanced, is sufficient answer to this exception.

5. It seems to us that this is a pure technicality; the service as made by Geo. C. Freeman was such as would give ample notice of the proceedings in the Circuit Court for Richland county, S. C. If the person served were not as sworn to in the affidavit by Mr. Freeman, another remedy and not this was appropriate. This exception is, therefore, overruled.

6. The same language employed by us in answering the foregoing exceptions is a sufficient answer to this.

7. It is not necessary that there should be a service of summons by publication, or a deposit of papers in the post-office in order to establish an effective service. They are

but two of the methods to effect a service; a personal service out of the State may be quite as efficacious. As to service by publication and deposit in the postoffice, section 156 of the Code of Procedure provides: "When publication is ordered personal service of the summons out of the State is equivalent to publication and deposit in the postoffice." We overrule this exception.

It is the judgment of this Court that the two orders of Judge Klugh appealed from be affirmed.

MR. JUSTICE GARY *concurs in the result.*