8156

KERSHAW v. BURNS.

1. WAYS—GROSS AND APPURTENANT—EASEMENTS.—A way in gross is a mere personal privilege, which dies with the person who may have acquired it.  A way appurtenant adheres in the land to which it is appurtenant, is essentially necessary to its enjoyment and passes with it.  It must have one of its *termini* on the land to which it is appurtenant.

2. TITLE—APPEAL—EASEMENT APPURTENANT.—An issue of ownership of an easement appurtenant raises an issue of title, and where the issue is tried by the Judge his findings of fact are not reviewable on appeal.

3. EASEMENT.—A RIGHT OF WAY APPURTENANT not only depends on the words of the grant, but also on the facts that it has one of its *termini* on the land to which it is claimed to be appurtenant, and that it is essentially necessary to the enjoyment of the premises.

Before DEVORE, J., Sumter, May, 1911.  Affirmed.

Action by Friday Kershaw against W. B. Burns. Plaintiff appeals.

*Messrs. Lee & Moise,* for appellant, cite: *What is an appurtenant easement?* Washburn on Eas., 45; Jones on Eas., sec. 34; 77 Am. St. R. 677; 14 Cyc. 1141; 21 S. C. 221; 27 S. C. 549; 49 Ky. 463; 41 S. E. 585; 10 Mass. 183; 114 Mass. 382; 45 N. W. 958; 34 S. C. 208; 14 Cyc. 1140; 42 S. E. 723. *In construing a deed the habendum clause controls the granting clause:* 165 Mo. 380; 65 S. W. 579. *No specific words are necessary to create an easement:* 10 Ency. 409. *Deed should be construed more strictly against the grantor:* 51 S. E. 816. *Party accepting a deed and recording it is estopped to deny its recitals:* 57 S. C. 507; 16 Cyc. 784-5.

*Messrs. Purdy* and *Bland,* contra. No citations.

. March 26, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This action involves a right of easement over an alley.

The complaint alleges: That the plaintiff is seized in fee, and possessed of all that lot of land in the city of Sumter, bounded north by Hampton avenue, east by land of Mrs. Gregg, south by land of Mrs. C. G. Bultman, and west by the strip of land or alleyway, hereinafter referred to. That the plaintiff owns a right of way easement, appurtenant to the lot above described, in and over the said alleyway, for ingress and egress from Hampton avenue, to the lot above described,—Hampton avenue being a public street.

That the plaintiff owns a large building, situated on the lot hereinafter described, and conducts a restaurant and hotel in the building on said lot, and resides with his family, in the building located thereon, and it is necessary for the use and

enjoyment of his property, that he have the continuous use of said alleyway, for the ingress and egress thereto.

The defendant denied the allegations of the complaint, and alleged title to himself.

A temporary order of injunction was granted, when the action was commenced.

Under an order of reference, the master took the testimony, and reported it to the Court.

His Honor, the Circuit Judge, heard the case without a jury, and dismissed the complaint, whereupon the defendant appealed.

The exceptions, though numerous, may be classified under two heads: 1. Those assigning error, on the part of his Honor, the presiding Judge, in his findings of fact; and, 2. Those assigning error, in not ruling, that the plaintiff had a right of way appurtenant, over the alley.

We will consider, first, whether the facts are reviewable by this Court.

The following statement appears in the record: "The plaintiff claimed an easement or right of way, over a strip of land, ten or eleven feet wide * * * owned and occupied by the plaintiff, and the defendant denied that the plaintiff had any such right, and claimed that he had title to the same, free from any right on the part of the plaintiff, and this raised the issue for trial."

The characteristics of an easement appurtenant, are thus stated in 14 Cyc. 1140: "An easement appurtenant, is one that inheres in the land, concerns the premises, and is necessary to the enjoyment thereof, and is in the nature of a covenant running with the land, attached to the land to which it is appurtenant, and passing by deeds of conveyance." To the same effect are the cases of *Stovall* v. *Granite Co.,* 42 S. E. R. (Ga.) 723, and *Whaley* v. *Stevens,* 21 S. C. 221. An issue of title was therefore involved, and the facts are not reviewable by this Court. *Alston* v. *Lime-*

*house,* 60 S. C. 559, 39 S. E. 188; *Johnson* v. *Jones,* 72 S. C. 270, 51 S. E. 805.

These exceptions are, therefore, overruled.

We proceed to consider whether there was error, in not adjudging that the plaintiff had a right of way appurtenant.

The distinction between rights of way in gross and appurtenant, is thus pointed out, in the case of *Whaley* v. *Stevens,* 21 S. C. 221: "A right of way may be in gross, or it may be appendant or appurtenant to land, and the distinction between the two kinds of rights, are very marked and important. In the former, it is a mere personal privilege, which dies with the person, who may have acquired it; while in the latter, it inheres in the land to which it is appurtenant, is, essentially necessary to its enjoyment, and passes with it. An essential feature of a right of way appurtenant is, that it must have one of its termini *on the land,* to which it is claimed to. be appurtenant." There was a second appeal in said case, (27 S. C. 549, 4 S. E. 145), and the Court in construing the opinion in the former appeal, said: "The Court said in the former appeal, through Mr. Justice McIver, delivering the opinion: 'That a way to be appurtenant, it must adhere in the land, and be *essentially necessary to its enjoyment* (*Whaley* v. *Stevens,* 21 S. C. 223), and further, that the complaint therein, was defective as a complaint for a way appurtenant'—that it did not allege that it was necessary, for the enjoyment of the land known as Caneslatch.

"Mr. Washburne says: 'Ways are said to be appendant or appurtenant, when they are incident to an estate, one terminus being on the land of the party claiming. They must inhere in the land, concern the premises, and be *essentially necessary to their enjoyment.*' Wash. Eas., ch. 115, page 217." The syllabus in the case of *Fisher* v. *Fair,* 34 S. C. 203, 13 S. E. 470, 14 L. R. A. 333n, which states the principle correctly, is as follows: "A right of way, which has neither of its termini, on the premises of the grantee.

and is not *essentially necessary to the enjoyment of his premises,* is not appurtenant, but a mere right of way in gross, which is personal to the grantee, and can not be, by him, transferred, *notwithstanding the grant is to him for value, and to his heirs and assigns forever."* (Italics ours.)

It will thus be seen, that the nature of the easement, is not to be determined solely, by the language of the deed granting it; but the question, whether the right of way is in gross or appurtenant to the land, is dependent upon the facts of the particular case.

In other words, it is a mixed question of law and fact. It is the duty of the Court to define these different kinds of easement, but it is the province of the jury to determine, whether the facts constitute the one or the other, when they are in dispute. The principle is well settled, that a right of way appurtenant cannot be granted, unless it is essentially necessary to the enjoyment of the land to which it appertains.

The complaint herein was not subject to demurrer, as in the case of *Whaley* v. *Stevens,* 21 S. C. 221, for the reason that the plaintiff alleges, that "it is necessary for the use and enjoyment of his property, that he have the continuous use of said easement and right of way, and the use of the alleyway for ingress and egress to said property."

Let us now turn to the testimony. On the 29th of October, 1890, E. W. Moise, conveyed to B. G. Pierson, by deed the lot of land now owned by the plaintiff, in which appears this provision: "The use of the land, between Reid's land and the lot herein conveyed, being permitted to the grantee, B. G. Pierson." B. G. Pierson, made a deed of conveyance of said lot to Susan Peters, on the 6th of January, 1894, and the following appears as a part of the description of the land thereby conveyed: "The use of the land between John Reid's land and the lot herein conveyed, being permitted to the grantee, B. G. Pierson." Susan Peters conveyed the land to Friday Kershaw, the plaintiff, on the 7th of Novem-

ber, 1908, and in her deed are these words: "Also all my right, title and interest in and to the alleyway, above referred to * * *"

On the 23d of February, 1898, E. W. Moise executed a deed of conveyance of the land, to E. A. Solomons, trustee; also "the said lot including the alleyway in the rear of said premises, leading to Republican street." On the 24th of May, 1899, E. A. Solomons, trustee, conveyed the said lot to W. B. Burns, the defendant, also "the said lot including an alleyway in the rear of said premises, leading to Republican street."

His Honor, the Circuit Judge, made the following findings of fact: "The question as to having a right of way by necessity, was scarcely touched upon by the plaintiff, and was not insisted on, nor was any argument made on the question of having a right of way by prescription, although his counsel stated, that no rights which the plaintiff conceived himself to have, were abandoned, but the main reliance was placed upon title by grant; and I have already construed the deeds, as not giving any right by grant, and no right has been made out by this method. * * *"

In order to claim a right of way by prescription, one terminus must be upon the land of the dominant estate, must adhere in it, and be essential to its enjoyment, and the use must be adverse and not permissive; and none of these requisites exist here, although independent of this, the plaintiff has not shown any right, to the use of the alleyway by prescription. * * * From what I have said and held, it follows that the plaintiff has failed to make out any right, in any of the methods required, by law, to the right of way or easement claimed by him, and I so find, and adjudge."

As we have said these findings relate to the question of title, and are not reviewable by this Court.

It will be seen that his Honor, the Circuit Judge, finds, that "the question as to having a right of way by necessity, was scarcely touched upon by the plaintiff, *and was not*

*insisted on* * * * but the main reliance was placed upon title by grant."

As we have already shown, a right of way appurtenant, is not only dependent upon the words of the grant, but upon the further question, whether there are facts sufficient to prove the essential elements of such an easement,—one of which being, that it is essentially necessary to the enjoyment of the land, to which it appertains.

The appellant's attorneys seemed to have entertained the idea, that if the language of the grant was appropriate to the creation of a right of way appurtenant, he was entitled to have the easement so adjudged, without resorting to testimony, although the facts were in dispute. We are inclined to the opinion, that the language of the grant, was appropriate to the creation of a right of way appurtenant, but such language could not confer a right of way appurtenant, unless the evidence showed, that all the essential elements of such an easement existed, which the Circuit Court held was not done in this case.

Judgment affirmed.

Mr. Justice Woods *concurs.*

Mr. Justice Hydrick *concurs in the result.*