## 9262

### THE J. W. COPELAND CO. v. BROWN.

(87 S. E. 1002.)

ATTACHMENT. AFFIDAVIT AND BOND. APPEAL AND ERROR.

1. ATTACHMENT—AFFIDAVIT—NONRESIDENCE.—A positive allegation in affidavit of defendant's nonresidence is sufficient to sustain an attachment, and sufficiency of allegations on information and belief as to other grounds for attachment need not be considered.

2. ATTACHMENT—DISSOLUTION—APPEAL AND ERROR.—Where a defendant moving to dissolve an attachment made no affidavit denying the positive allegations of the affidavit on which the writ was issued as to his place of residence, the findings of the trial Court as to residence of defendant are conclusive on appeal from order denying the motion.

3. ATTACHMENT—BOND—AUTHORITY OF OFFICER.—An attachment will not be vacated on the ground that the officer issuing the writ did not have before him at the time of issuance, evidence of the authority of the secretary and treasurer of the plaintiff corporation to execute on its behalf the bond or undertaking in attachment, where an affidavit tending to show such authority was then before the magistrate.

4. ATTACHMENT — BOND — AMOUNT. — The amount of undertaking of plaintiff in attachment is to be fixed by the magistrate in the exercise of his discretion within the limits prescribed by Code Civ. Proc., sec. 282, and if the amount, being over the minimum prescribed by statute, is insufficient, the remedy is a motion to require it increased, rather than one to dissolve.

5. HOMESTEAD—ATTACHMENT.—The right of defendant to homestead in goods attached, is not concluded by a finding that he is a nonresident on a preliminary motion to dissolve the attachment, and may be thereafter presented.

6. ATTACHMENT—EXISTENCE OF CAUSE OF ACTION—APPEAL AND ERROR.— The determination of the Circuit Court as to the *prima facie* existence of a cause of action, on motion to dissolve an attachment, on

conflicting affidavits, is not reviewable on appeal from order refusing such motion.

7. ATTACHMENT—GROUNDS—APPEAL AND ERROR.—Where a legal ground sufficient to sustain an attachment appears on the record, inquiry as to the existence of any further ground becomes immaterial.

Before MOORE, J., Laurens, May, 1915.  Affirmed.

Action by The J. W. Copeland Company against W. R. Brown.  From an order refusing to dissolve an attachment, the defendant appeals.  The facts are stated in the opinion of the Court.

As to the third exception, the Circuit Judge said:

"(3) The second ground of the appeal complains of error in failing to hold that there was no authority by J. T. Robertson, the secretary and treasurer of the plaintiff corporation, to sign the name of the plaintiff in the attachment bond in this case, as well as error in the holding that a bond in the sum of $25.00 was sufficient.  As to these matters, it appears by the record that the bond herein questioned was signed by the plaintiff corporation, The J. W. Copeland Company, by J. T. Robertson, secretary and treasurer.  An affidavit was submitted at the hearing before the magistrate, showing that J. T. Robertson was duly authorized to sign the bond in the name of the plaintiff, on the day of its date, and even if there was no presumption of authority by such an officer to execute a bond of this character, the affidavit shows the vote of the directors of the plaintiff corporation, the attachment bond herein questioned was duly authorized to be signed in the name of the corporation by that officer on the very day of its execution.  It was the duty of the magistrate to ascertain the authority of the person executing the bond, and it is to be presumed that he did his duty at the time; but it was not necessary that the authority to sign should be filed with the

bonds. See *Grollman* v. *Lipsitz,* 43 S. C. 340, 21 S. E. 272."

The exceptions were as follows:

1. Because the affidavit upon which the attachment was issued was fatally defective, in that the same was made upon information and belief of the affiant, and the source of the information was not stated, both as to the allegation of nonresidence of the defendant-appellant and the alleged fraudulent intent of removal of defendant's property.

2. Because the defendant was not a nonresident at the time of the issuance of the attachment, and his Honor should have held that the defendant at said time, and now has and maintains, a home and residence in the town of Clinton, South Carolina, for the abode of his wife and children, at which process of summons could be served upon him, and that the defendant was only temporarily absent from the State, with intention to return thereto, and without any intention to become a resident of the State of North Carolina, or any other State outside of the State of South Carolina.

3. Because at the time of the issuance of the attachment by the magistrate, H. R. Milam, the said magistrate did not have before him the authority of J. T. Robertson, the secretary and treasurer of the plaintiff, to execute the attachment undertaking, and no such authority was filed in the record, and the said J. T. Robertson, at the time, did not have legal authority to issue the said undertaking, and the affidavit of J. T. Robertson at the trial should not have been considered to sustain an illegal and irregular attachment, and the resolution of the board of directors did not show that a majority were present at their meeting or were notified of same, and the stockholders of a corporation and not the directors must make the rules and regulations of the company for the management of its affairs, and that the president is the executive officer of the corporation.

4. Because the amount of the debt claimed was $51.97, and the value of the property attached was $100.00, and the undertaking upon which the attachment was issued was only for $25.00, and the said attachment was legally issued and should have been dissolved on this ground or the undertaking should have been increased to double the amount of the debt claimed or value of the property attached.

5. Because the property of the defendant was exempt from attachment, because he was the head of a family at the time, which family resided at his home and domicile in the town of Clinton, South Carolina, at the time the attachment was issued, and now; that the defendant was only temporarily absent from the State, having recently left the State, with no intention to become a resident of North Carolina or any other State, and with intention to return to this State within the space of six months, or a reasonable time, and that the object of the homestead law is the protection and benefit of the members of the family of the debtor, and that the said family were at the time and are now residing and living at the home and residence of the defendant in the town of Clinton, in this State. And they are entitled to the benefit of the said exemption against the debts of the defendant, and that he is the owner of the personal property in this county and State, including that attached, not exceeding in value five hundred ($500.00) dollars.

6. Because no cause of action exists in favor of the plaintiff against the defendant, the only part of the account due by the defendant having been paid to the plaintiff after the commencement of the action, to wit, $3.15, by Mrs. Ella S. Brown, as the only amount due, and such amount was accepted by the plaintiff as the only amount due by W. R. Brown, and the plaintiff is estopped by such acceptance, and the same was uncontradicted by the plaintiff and was proven by the affidavit of Mrs. Ella S. Brown before the magistrate, and the attachment should have been released after the acceptance by the plaintiff of such amount.

7. Because his Honor should have held that there was no fraudulent intention of the removal of the property, either by the defendant or his wife, Mrs. Ella S. Brown.

*Messrs. F. P. McGowan* and *H. L. Scaife,* for appellant, cite: *As to insufficiency of affidavit:* 13 S. C. 476; 21 S. C. 586; 24 S. C. 196. *No proof of fraud:* 31 S. C. 301. *As authority to execute bond:* 31 S. C. 381; 58 S. C. 399. *Existence of cause of action:* 54 S. C. 582. *Right to homestead:* Const., art. III, sec. 28; Civil Code 3716; 39 S. C. 175; 25 S. C. 389; 3 S. C. 306; 30 S. C. 522; 51 S. C. 489; 54 S. C. 375; 36 S. C. 576; 24 S. C. 424; 34 S. C. 1.

*Messrs. Dial & Todd,* for defendant, cite as to: *Allegation of nonresidence sufficient for attachment:* 6 S. C. 156; 31 S. C. 36. *Question of fact:* 81 S. C. 44; 37 S. C. 81; 85 S. C. 114. *Authority for execution:* 85 S. C. 126; 70 S. C. 537; 58 S. C. 398. *Amount of bond:* Code Civ. Proc., sec. 282. *Homestead:* 21 Cyc. 470.

February 25, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of his Honor, Judge Moore, sustaining an order of the magistrate in refusing to dissolve an attachment issued in the case. The defendant-appellant lived at Clinton, S. C., where for a number of years he was employed as superintendent of the Lydia Cotton Mills and a master machinist at the Clinton Cotton Mills. On February 2, 1915, it is alleged that he moved to Lexington, N. C., where he procured employment. His son lived with him at Lexington, N. C., but his wife and several of his children remained at Clinton, S. C. This action was commenced in the magistrate's Court, at Clinton, S. C., on April 2, 1915, to recover the sum sued for on an open account. The magistrate issued an attachment, based

on a verified statement of account, and a separate affidavit of J. T. Robertson, secretary and treasurer of the plaintiff corporation.

The plaintiff gave the required undertaking, as required by the magistrate, in the sum of $25.00. On April 2, 1915, some household and kitchen furniture, consigned to the plaintiff at Lexington, N. C., and in the depot at Clinton, S. C., was levied upon by magistrate's constable under the warrant of attachment. On April 15, 1915, the defendant was personally served with the summons and complaint, affidavit and warrant of attachment at Lexington, N. C., where he and his son were and had been since February 2, 1915, and where he was at that time regularly employed. On April 17, 1915, the defendant, through counsel, made a special appearance, and upon affidavit of appellant's wife, and the affidavits upon which the warrant of attachment was issued moved before the magistrate to dissolve, set aside and dismiss the attachment.

The motion was upon five grounds. The magistrate refused the motion; the defendant appealed to the Circuit Court; Judge Moore sustained the magistrate, and by an order, May 29, 1915, affirmed the magistrate, from which defendant appeals, and urges the same grounds he relied upon before magistrate and Circuit Judge.

The first exception raises the point that the affidavit upon which the attachment was issued was fatally defective, in that the allegations therein were made upon information and belief, and that the resources of information were not stated. The magistrate and Circuit Court both held that the affidavit stated plainly that the defendant was a nonresident of the State of South Carolina, and that this allegation was not made upon information and belief.

A reference to the affidavit shows that the interpretation placed upon it by them was the correct one. The ground that he was a nonresident was directly alleged, the affidavit

alleges two grounds for the attachment, nonresidence of the defendant, and attempted fraudulent removal of the defendant's property.

The allegation of nonresidence of the defendant is sufficiently alleged, and this is sufficient ground for attachment. *Roddy* v. *Ervin,* 31 S. C. 36, 9 S. E. 729.

This exception is overruled.

The second exception contends that the defendant was not a nonresident at the time the attachment was issued, but only temporarily absent from the State. The defendant's wife makes affidavit to sustain this contention, he makes no affidavit. His Honor, Judge Moore, refused to vacate the attachment on this ground, and, as far as this Court is concerned, for the purpose of the matters now before it, this allegation is conclusively established, being a matter of fact, no question can be made in this Court thereon. *Norris* v. *Levin's Sons,* 81 S. C. 44, 61 S. E. 1103.

This is, however, only a ruling on the preliminary question now before the Court, and is without prejudice to the defendant on the merits; and if he is not a nonresident, on the trial of the case on the merits he can establish that fact, and if he succeeds in doing so, and shows that he is the head of a family residing in this State, then his right of homestead is intact and unimpaired. This, however, being a law case, it cannot be reversed, where there is any evidence to sustain the Circuit Judge's finding. This exception is overruled.

The third exception is overruled, for the reason stated by the Circuit Judge.

Exception four is overruled, under section 282, Code Civ. Proc., 1912. The magistrate complied with this section, and if it was thought undertaking was insufficient, then the remedy should have been by motion to increase it and not made a ground to dissolve.

The fifth, sixth and seventh exceptions are over-
5, 6, 7 ruled, for the reasons stated in overruling the other
exceptions.

Judgment affirmed.