9717

SAWYER v. MABUS *ET AL.*

(92 S. E. 1029.)

1. APPEAL AND ERROR — REVIEW — FINDING OF COURT. — The Supreme Court in a law case may not review the trial Court's conclusion on an issue of fact, where two reasonable deductions from the testimony may be made.

2. APPEAL AND ERROR—REVIEW—QUESTIONS MADE IN TRIAL COURT.— Ordinarily the Supreme Court may consider on appeal only questions made in the trial Court.

3. GIFTS—GIFTS CAUSA MORTIS.—If the donor of certificates of deposit merely intended that the donee should have the money at his death, there was no gift to her in his lifetime.

---

FOOTNOTE.—As to right of parties to joint deposit in bank, see notes in Ann. Cas. 1916d, 519.

Before MOORE, J., Lexington, February, 1916. Affirmed.

Actions by Henry M. Sawyer, as administrator of the estate of Paul Mabus, deceased, against Mrs. Sallie Mabus and the First National Bank of Batesburg, and against Mrs. Sallie Mabus and the Citizens Bank of Batesburg. From judgments for plaintiff, defendants appeal.

The following decree was entered by the Circuit Court:

This is an action by the plaintiff, who is the administrator of Paul Mabus, deceased, seeking the recovery of certain moneys in the hands of the defendant bank and held by it on deposit under an interest-bearing certificate, such moneys being alleged by plaintiff to be the property of the estate of his intestate.

The issues in the case arise upon the contention of the defendant, Mrs. Sallie Mabus, who now has possession of the certificate of deposit, that a gift of this money was made to her by her husband, the plaintiff's intestate, during his lifetime. It appears from the evidence that, on the 6th day of May, 1914, the plaintiff's intestate, Paul Mabus, deposited with the defendant, the First National Bank of Batesburg, the sum of $1,000, being money then belonging to him, and took from the defendant bank an interest-bearing certificate of deposit, of which the following is a copy·

"No. 787.                          Batesburg, S. C., 5-6-'14.

"Paul Mabus has deposited in this bank one thousand dollars payable to the order of himself of Sallie Mabus, in current funds, twelve months after date, on the return of this certificate, properly indorsed, with interest only until maturity at five per cent. per annum.

"$1,000.00.                         J. R. Unger, Asst. Cshr."

The defendant bank admits the execution and delivery by it of this certificate and its liability to pay the amount due thereon when the controversy as to the ownership of the same shall have been determined.

So far as the evidence shows, this certificate of deposit remained in the possession of the plaintiff's intestate until the time of his death, being thereafter found in a box where the deceased left his valuable papers.    There is no competent evidence that it was ever delivered by Paul Mabus to any other person, or that it ever came into the possession of the defendant, Sallie Mabus, during his lifetime, nor is there any evidence that she knew of the existence or contents of this certificate prior to his death, although she did have access to the box in which it was kept, and in which it was found after the death of her husband.    The claim of the defendant, Sallie Mabus, to the money due under this certificate of deposit is based upon the terms of the certificate itself, and upon certain parol declarations of intention made by her husband in his lifetime.

So far as concerns the effect of the language used in the certificate of deposit, it appears to be well settled that where a deposit in a bank is made, even to the joint account of the alleged donor and donee, but the evidence of such deposit is retained by the donor, there is no effective gift, for the reason that the donor has not parted with his dominion; and especially is this held to be true in cases where the fact of such deposit has not been communicated to the donee. See the cases cited in 20 Cyc. 1205.    However this may be, a much stronger case against the validity of the alleged gift is presented by the certificate here in controversy, which is not a deposit to the joint account of the two persons, but is merely payable in the alternative to the order of either of the two parties "on the return of this certificate, properly indorsed."    This certificate of deposit, therefore, clearly leaves the dominion of the money so deposited in the hands of the alleged donor, and it is very clear that, so long as he retained possession of this certificate, he had the absolute control of the money due thereon.    By its very terms, the certificate does not pass any title to the person claiming as donee, since it remains payable to the supposed donor

absolutely, on its presentation by him for the purpose of receiving the money due thereon on or after maturity.

In order to make a valid gift *inter vivos,* there must be an actual or constructive delivery of the thing given, which involves an actual surrender of title and possession by the donor. A mere declaration of intention to give, however clear and positive, is not enough to constitute such a valid gift *inter vivos;* there must be a complete and unconditional delivery in order to effect such a gift. While the delivery may be either an actual or a constructive delivery, according to the nature and character of the donation, it is essential that there shall be a parting by the donor with all present and future legal power and dominion over the property by virtue of any ownership thereof by him. See *Fowler* v. *Stewart,* 12 S. C. L. (1 McC.) 312; *Reid* v. *Colcock,* 1 N. & McC. 592; *McDowell* v. *Murdock,* 10 S. C. L. (1 N. & McC.) 237; *Bennett* v. *Cook,* 28 S. C. 353. See, also, 20 Cyc. 1195, 1196.

As is said in the case of *Bennett* v. *Cook,* 28 S. C. 362: "There is no doubt that a parol gift of chattels cannot be made to take effect *in futuro.* To constitute a legal gift, there must be an actual or constructive delivery of possession, so as to confer the right of enjoyment *in præsenti.*"

Examining the evidence in this case in the light of these principles, it does not appear that any such actual or constructive delivery was made of the property here in controversy. Considering all the competent evidence in the case, it appears that the plaintiff's intestate did express an intention that his wife should have this particular property at his death; but that is far from showing a gift of the certificate *in præsenti.* The only conclusion that can be drawn from the language of the certificate itself, and from the retention of the possession thereof by the plaintiff's intestate during his lifetime, is that he retained dominion and control over the money due thereon as long as he lived; and the only inference that can be drawn from his parol

declarations is that he intended it to become the property of his wife at the date of his own death.

As we have just seen from the authorities cited, a gift to take effect *in præsenti* can be made by parol where it is accompanied by a delivery of the property, but where it is not so accompanied, or where it is to take *in futuro,* it can only be accomplished by the execution of some written instrument to that end by the donor. Clearly, it could not be made effective as a gift by a mere verbal declaration of intention that the property should belong to the wife of the declarant at the death of the latter. See 20 Cyc. 1211.

Since it appears, therefore, that the plaintiff's intestate did not part with his ownership or control of the moneys here in controversy, either by the terms of the written certificate of deposit or by any actual or constructive delivery, it must follow that his verbally expressed intention that his wife should have this property at his death, being a matter of intended testamentary disposition thereof, cannot be made effective in the absence of a will duly executed according to law.

It is therefore ordered and adjudged that the plaintiff, Henry M. Sawyer, as administrator of the estate of Paul Mabus, deceased, is entitled to the possession of the certificate of deposit here in controversy, being the certificate No. 767 issued by the First National Bank of Batesburg, and the defendant, Sallie Mabus, is hereby ordered to surrender the said certificate to the plaintiff herein, as such administrator; and on its surrender properly indorsed by the plaintiff, the defendant, the First National Bank of Batesburg, shall pay to the plaintiff, as administrator as aforesaid, the amount of money and interest called for by such certificate; and such fund, when received by the plaintiff, must be accounted for by him as assets of the estate of Paul Mabus, deceased, coming into his hands to be administered.

It is further ordered that the costs and disbursements of the plaintiff in this action, including the sum of $62.90, due as fees to the referee, O. B. Anderson, for the taking of the testimony herein, be paid by the plaintiff out of the assets of the estate of Paul Mabus and as an expense of the admisistration thereof.

It is further ordered that either party to this action may have leave to apply at the foot of this decree for any order necessary to carry the same into effect.

*Messrs. Barrett Jones* and *Timmerman & Callison,* for appellants. *Mr. Jones* cites: *As to ownership of deposit:* 45 N. Y. 723; 103 App. Div. 107; 50 Hun. 477; 8 App. Div. N. Y. 192. *Nature of certificates of deposit:* 103 S. C. 266. *Delivery of chattel:* 28 S. C. 353; 161 Mich. 561; 126 N. W. 712; 58 Ohio St. 218; 72 S. E. 629; 3 Ann. Cas. 683.

*Messrs. E. L. Asbill* and *W. H. Sharpe,* for respondent. *Mr. Asbill* cites: *As to claim and delivery being a legal action:* 80 S. C. 557; 70 S. C. 547. *Bank deposit asset of estate in hands of administrator:* 99 S. C. 128. *As to costs:* Civil Code, sec. 4204.

June 30, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Let the opinion of the Circuit Court be reported.

One determinative issue in the case, so made by the testimony and the judgment below, is this: Do the certificates of deposit mean what they declare, or was it Paul Mabus' intention that Sallie should only have the money evidenced by them at his death? Six witnesses testified that Paul plainly declared to them before his death that his intention was that Sallie should have the money at his death if she survived him. There was no objection before the referee

or before the Circuit Court to the competency of that testi-mony, vital as it was.

The Circuit Court gave heed to the testimony, and con-cluded from it as a fact that Paul had no intention to give in the present time, but his intention was that Sallie should have the money at his death if she should survive him.

There is no exception that the Court considered incompe-tent testimony, and no argument to that effect, and no exception to the finding of the Court, had such an excep-tion availed.

It is plain we may not review in a law case the Court's conclusion on an issue of fact, where two reason-able deductions from the testimony may be made, and two such deductions might have been made in the instant case.

It is also plain that we may ordinarily only con-sider on appeal questions which were made in the trial Court.

It is also plain that if it be true Paul only intended Sallie should have the money at his death, then there was no gift to her while he had a chance to give; that is to say, in his lifetime.

For these reasons the judgment below must be affirmed; it is so ordered.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS con-cur in the opinion of the Court.

MESSRS. JUSTICES HYDRICK and FRASER concur in affirm-ing the judgment of the Circuit Court for the reasons stated by the Circuit Judge.