### 11185

### SABB v. RICHARDSON

#### (117 S. E., 200)

1. ATTACHMENT—ALLEGATION OF FACT SHOWING FRAUDULENT INTENT IN REMOVING GOODS NECESSARY.—Allegations that defendant is about to remove certain cross-ties from the county with intent to defraud plaintiff *held* insufficient to sustain an attachment, as plaintiff must allege facts and circumstances from which such fraudulent intent is reasonably inferable.

2. ATTACHMENT—ALLEGATIONS OF FACTS SHOWING INTENT TO DISPOSE OF GOODS WITH FRAUDULENT INTENT NECESSARY.—Allegations that defendant is about to dispose of or secrete cross-ties with intent to defraud plaintiff held insufficient to sustain an attachment as plaintiff must allege facts and circumstances from which the fraudulent intent is reasonably inferable.

Before WILSON, J., Sumter, August, 1921. Affirmed.

Action by Robert T. Sabb against B. W. Richardson. From an order dissolving attachment the plaintiff appeals.

*Mr. J. J. Cantey,* for appellant, cites: *Error to dissolve attachment:* 70 S. C., 505; 80 S. C., 140; 103 S. C., 180; 99 S. C., 108.

*Messrs. Harby, Nash & Hodges,* for respondent, cite: *Requisites of affidavit in attachment:* 105 S. C., 291; 107 S. C., 441; 10 S. C., 467; 24 S. C., 196; 6 S. C., 169. *Giv-*

*ing bond does not affect right to vacate attachment:* 17 S.
C., 553.

April 12, 1923.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

Appeal by the plaintiff from an order of Hon. John S.
Wilson, Circuit Judge, dissolving an attachment upon the
ground that the moving papers did not contain an allega-
tion of facts and circumstances from which the alleged fraud-
ulent intention on the part of the defendant could reason-
ably be inferred.

The attachment was issued upon the verified complaint,
which was permissible under *Ferst v. Powers,* 58 S. C.,
398; 36 S. E., 744. The allegations of the complaint re-
lied upon to sustain the attachment are: (1) That the
defendant is about to remove certain cross-ties from the
County of Clarendon with intent to defraud the plaintiff;
(2) that the defendant is about to assign, dispose of, or
secrete said cross-ties with like intent.

The first ground is clearly insufficient under the
case of *Virginia-Carolina Chemical Company v.
Wilkins,* 105 S. C., 291; 89 S. E., 659. In that case
the attachment was secured upon the ground that the de-
fendant *had shipped* (not simply that he was *about to ship,*
as in the case at bar) three carloads of lumber, and was
about to ship the balance thereof out of the State, "with
intent to defraud his creditors." In sustaining the order
of the Circuit Judge dissolving the attachment the Court
said:

"The burden was upon the plaintiff, not simply to show
the shipment, but to prove by testimony facts and circum-
stances from which a fraudulent intent is reasonably in-
ferable. The bare allegation of the wicked intent will not
support the process of attachment; the intent must be proved
by testimony."

The second ground is equally insufficient. The allegation is simply that the defendant is about to assign, dispose of, or secrete his property with intent to defraud the plaintiff. Assuming that the allegation of assigning, disposing of, or secreting is sufficient as the positive allegation of a fact, that alone is not sufficient; such act or acts, as conceded by the pleader, must be accompanied by the fraudulent intent, and that can only be established by supporting facts and circumstances, which must be alleged.

In *Cook v. Cook,* 107 S. C., 441; 93 S. E., 138, opinion by Mr. Justice Watts, the affidavit alleged that the defendant fails and refuses to pay the debt, and is about to sell and dispose of his crop subject to the lien and defeat the same. The Court says:

"The plaintiff does not state any facts whereby the intent of the defendant can be inferred."

The order of the Circuit Court dissolving the attachment was sustained.

In *Smith v. Walker,* 6 S. C., 169, it was held that charges of disposition of property with intent to defraud creditors "should be supported by a statement of the facts on which they are founded."

In *Brown v. Morris,* 10 S. C., 467, the Court cites *Smith v. Walker,* 6 S. C., 164, with approval, and holds that the affidavit, which attempted to comply with the rule in *Smith v. Walker,* was insufficient as not reasonably sustaining the charge.

In *Myers v. Whiteheart,* 24 S. C., 196, the Court held:

"The allegation that a person has done a certain act with a fraudulent intent must necessarily be based upon information or belief, and, therefore, in such a case the rule is well settled that the sources of information, or the facts upon which such belief are [is?] founded, must be stated" —citing *Smith v. Walker,* 6 S. C., 169; *Brown v. Morris,*

10 S. C., 469; *Claussen v. Fultz,* 13 S. C., 478; *Ivy v. Caston,* 21 S. C., 583.

In *Roddey v. Erwin,* 31 S. C., 36; 9 S. E., 729, the Court says:

"Fraudulent intent is not a physical entity which can be seen and felt, but a condition of the mind beyond the reach of the senses, usually kept secret, not very likely to be confessed, and, therefore, can only be proved by unguarded expressions, conduct and circumstances generally."

The Court proceeds to quote and apply the rule laid down in *Myers v. Whiteheart,* 24 S. C., 196, which has been quoted above.

In *Wando Company v. Rosenberg,* 31 S. C., 307; 9 S. E., 970, the Court says:

"Now in the action below the attachment was moved on the ground that the defendant had disposed of, or had secreted, his property, with intent to defraud his creditors, or was about to dispose of or secrete said property with said intent. These are some of the conditions found in the attachment act, and, if the affidavits submitted contain an averment of facts which would *prima facie* sustain these charges, * * * then the warrant was properly issued; otherwise it was irregularly issued, and should have been discharged."

See, also, *Sharp v. Palmer,* 31 S. C., 444; 10 S. E., 98.

In *Davis v. Cardue,* 38 S. C., 471; 17 S. E., 247, the Court says:

"Nor do we think that any fact is stated which would bring the case within the provisions of Subdivision 4 of Section 200 [279] of the Code. To do this, it is necessary that some fact should be stated tending to show that the defendant has either removed or disposed of his property, or is about to do so, with intent to defraud his creditors."

The case of *Copeland Company v. Brown,* 103 S. C., 177; 87 S. E., 1002, is not at all in conflict with the fore-

going conclusions. In that case there was a positive affirmation in the affidavit that the defendant was a resident of another State, a matter of fact, not depending at all upon inferences to be drawn from other facts.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES FRASER and MARION concur.

MR. JUSTICE WATTS (dissenting): This is an appeal from an order of his Honor, Judge Wilson, vacating an order of attachment. The exception is:

"In view of the fact that the allegations of the complaint were made upon the knowledge of the appellant, as the verification will show, and not upon information and belief, and in view of the fact that the warrant of attachment was issued in accordance with the laws of this State, the Circuit Judge erred as a matter of law in vacating and dissolving the attachment in this action."

The exception should be sustained. There is a positive allegation in the complaint that the defendant was about to move and secrete the property attached. None of the allegations were made on information and belief, which would have required the sources of information, etc., but here we have the positive allegation which is sufficient to sustain the attachment under the case of *J. W. Copeland Company v. Brown,* 103 S. C., 180; 87 S. E., 1002.

The order appealed from should be reversed.

MR. CHIEF JUSTICE GARY concurs.