### 11228

### WILLARD *ET AL.* v. FINCH *ET AL.*

#### (117 S. E., 818)

APPEAL AND ERROR—MECHANIC'S LIEN.—Finding of Circuit Judge on claim of architect of a lien will not be disturbed on appeal where there was evidence to support such finding.

Before SEASE, J., Spartanburg, May, 1922. Affirmed.

Suit by C. R. Willard and others, partners under the firm name of the Willard-Boggs Company, against W. T. Finch, Frank Hodges, S. P. Tinsley, and others. From a decree for defendant, Hodges, defendant Tinsley appeals.

*Messrs. DePass & Wrightson,* for appellant, cite: *Circumstances put Hodges on inquiry:* 14 S. C., 321; 106 S. C., 319; 34 S. C., 559.

*Messrs. Lyles, Daniel & Drummond,* for respondent, cite: *Mortgage lien superior to unrecorded builder's lien:* 110 S. C., 1. *Court will not review finding in law case:* 83 S. C., 396; 107 S. C., 369; 90 S. C., 319; 91 S. C., 129; 92 S. C., 113.

May 14, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

This is the third appeal (former appeals reported in 121 S. C., 1; 113 S. E., 302, and 123 S. C., 56; 116 S. E., 96) arising out of a proceeding brought by the plaintiffs to establish and foreclose a mechanic's lien against the New Finch Hotel property in the City of Spartanburg. The questions raised are whether the defendant, S. P. Tinsley, the appellant here, is entitled to a lien, and, if so, whether such lien is prior to either of three mortgage liens acquired by the defendant, Frank Hodges, respondent.

The lien claimed by the appellant, S. P. Tinsley, is for services, of the alleged value of $10,000.00, rendered by him as architect in drawing plans and specifications and for supervising the erection, construction, and alteration of the building in question. He further contends that the respondent, Frank Hodges, the mortgagee, had notice, either actual or constructive, of claimant's lien before either of the mortgages from Finch to Hodges was given. The Master found, in substance, that the only services rendered by Tinsley for which he was entitled to compensation consisted in the drawing of the plans and specifications for the hotel buildings, which plans were drawn in 1916, about three years before the building operations were commenced. The value of these services was fixed by the Master at $6,000.00, for which sum Tinsley's claim was allowed. The effect of this finding was to deny Tinsley's claim to a lien, which was predicated upon the contention that his services in supervising the construction of the building had continued up to October, 1921. The Circuit Judge approved the Master's finding, and further found that "the testimony furnishes no basis for a holding that the defendant, Hodges, had any notice of the claims of Tinsley and Pickens Roofing Company, or of facts imposing on him the duty of inquiring of them as to any unpaid claims."

In disposing or the appeal of the Pickens Roofing Company (*Willard et al. v. Finch et al.,* 123 S. C., 56, 116 S. E., 96), this Court said: "A proceeding for the enforcement

of a statutory lien is essentially legal in its nature (*Metz v. Critcher,* 83 S. C., 396; 65 S. E., 394), and a finding of fact by the Circuit Court upon the issue here involved is not reviewable in this Court, unless wholly unsupported by evidence, or unless it clearly appears that such finding was influenced or controlled by error of law. *Sawyer v. Mabus,* 107 S. C., 369; 92 S. E., 1029. *Stack v. Haigler,* 90 S. C., 319; 73 S. E., 354. *Kershaw v. Burns,* 91 S. C., 129; 74 S. E., 378."

We have carefully examined the evidence set out in the record, and are clearly of the opinion that it cannot be held that the findings of the Circuit Court were either wholly unsupported by evidence or manifestly influenced or controlled by error of law. It follows that the judgment of the Circuit Court must be affirmed.