## 11498

### MOORE v. McELRATH *ET AL.*

(122 S. E., 875)

1. Appeal and Error—Conditions Under Which Validity of Attachment Will be Reviewed Stated.—Where validity of attachment depends on truth of allegations of jurisdictional facts, circuit Judge's conclusion on that issue will not be reviewed unless it is wholly unsupported by evidence or it clearly appears that his findings are influenced by error of law.

2. Attachment—Finding That Defendant Was Nonresident Not Supported by Evidence.—Affidavits submitted upon hearing of a motion to dissolve an attachment issued upon an affidavit alleging defendant's nonresidence *held* not to support a finding of such non-residence.

Before Sease, J., Spartanburg, August, 1923. Order reversed and proceeding dismissed.

Action by T. W. Moore against J. L. McElrath and another. From an order refusing a motion of named defendant to dissolve an attachment, he appeals.

*Mr. N. A. Harrison,* for appellant, cites: *"Residence" "Domicile":* 9 R. C. L., 540, 541, Sec. 6542. *Change of domicile:* 21 Wall., 353; Wharton Confl. Sec. 55. *Change of residence:* 14 Cyc., 852-853; 99 S. E., 240; 16 S. E., 533; 2 R. C. L., 818 Sec. 24; 17 L. R. A. (N. S.) 990; 35 S. E., 990. *New matter in reply:* 24 S. C., 204; 43 S. C., 329.

*Messrs. Lyles, Daniel & Drummond,* for respondent, cite: *Question of fact:* 116 S. E., 96; 117 S. E., 818; 107 S. C., 369; 90 S. C., 319; 91 S. C., 129: *Findings of fact in motions to vacate attachments:* 113 S. C., 177; 81 S. C., 44. *Affidavits in attachment:* 43 S. C., 328; 31 S. C., 36. *Motion to vacate:* Code, 1922, Vol. 1, Sec. 517, sub-sec. 18; 50 S. C., 192. ·

May 9, 1924.

The opinion of the Court was delivered by Mr. Justice Cothran.

Appeal from an order refusing the motion of the defendant J. L. McElrath to dissolve an attachment issued upon an affidavit alleging the nonresidence of the defendant. The motion was made upon the ground that said allegation was untrue. The matter was heard by his Honor, Judge Sease, upon affidavits pro and con he refused the motion in an order dated August 4, 1923, holding that the evidence submitted convinced him that the allegation

of nonresidence was sustained. From this order the defendant has appealed.

It is established that where the validity of an attachment depends upon the truth of the allegations of the jurisdictional facts, the conclusion of the Circuit Judge upon that issue will not be reviewed by this Court (*Willard v. Finch,* 123 S. C., 56; 116 S. E., 96; s. c., 125 S. C., 32; 117 S. E., 818. *Sawyer v. Mabus,* 107 S. C., 369; 92 S. E., 1029. *Stack v. Haigler,* 90 S. C., 319; 73 S. E., 354. *Kershaw v. Burns,* 91 S. C., 129; 74 S. E., 378. *Copeland v. Brown,* 103 S. C., 177; 87 S. E., 1002. *Norris v. Levins,* 81 S. C., 44; 61 S. E., 1103. *Grollman v. Lipsitz,* 43 S. C., 329; 21 S. E., 272. *Roddey v. Erwin,* 31 S. C., 36; 9 S. E., 729), unless, as stated in *Willard v. Finch,* 125 S. C., 32; 117 S. E., 818, his conclusion is "wholly unsupported by evidence, or unless it clearly appears that such finding was influenced or controlled by error of law."

A review of the affidavits submitted upon the hearing of the motion convinces the Court that the finding of fact upon which the motion was refused is "wholly unsupported by evidence."

The affidavit of the plaintiff upon which the attachment was issued, and which it is assumed was used at the hearing before Judge Sease, makes the bald statement that the defendant is not a resident of this state but is a resident of the State of North Carolina. It would be doubtless sufficient upon its face to support the attachment, but upon the issue of the truth of that statement is entitled to little weight, if any. That statement is accompanied, singularly enough, with the further statement that the defendant owned certain farming land in Spartanburg County and had an interest in the crop growing thereon, in the farming implements, in the live stock, and in a Ford car.

The counter affidavit submitted by the plaintiff makes no reference to the material fact of nonresidence, except

to detail a conversation which he had with the defendant, and supports the affidavits submitted by the defendant. That statement was:

"That he would be at or near Charlotte for two or three weeks, but that he didn't know when he would leave there nor where he would go next; that he expected to follow cne Sprouse, who was foreman of a job at that place."

The defendant offered several affidavits tending to support his denial of the alleged fact of nonresidence. In his own affidavit he states that he owned the land attached; that he was born and raised there and still lives there; that his father has been dead for many years, and that he and his brother have kept the house which they built open for themselves and the minor children; that he had to borrow money to build the house and in off seasons had been working at the carpenter's trade, which often called him away; that he had been at work in Charlotte for about six weeks upon a contract which would be finished in two weeks, when he expected to return to South Carolina; that he had never given up his residence in South Carolina, always considered it his home, and had never had any idea of taking up his residence in North Carolina; that when he left for Charlotte all of his property, real and personal, was in South Carolina at the home place; and that all of his taxes, including poll tax, were paid in South Carolina.

The superintendent of the construction force, a Greenville, S. C., corporation, under whom the defendant was working in Charlotte, made an affidavit that the job in Charlotte was a temporary one and that as soon as it was finished, within the next few weeks, the whole force would return to Spartanburg; that when the defendant was employed he was a resident of Spartanburg County and was not a resident of North Carolina at any time.

The defendant's affidavit was supported by those of De Young, Cathcart, Smith, and Brown, neighbors, who had known the defendant for years; that he owned or had an

interest in the home place where he had lived all·of his life, working a crop and leaving it in off seasons to work at his trade wherever he could find work.

The plaintiff had full notice that the defendant proposed to attack his affidavit of nonresidence, and yet has submitted not a single fact or circumstance to sustain it.

The order of the Circuit Judge refusing the defendant's motion to vacate the attachment is reversed, and the proceeding is dismissed.

MESSRS. JUSTICES FRASER, WATTS and MARION concur.