## LIPSCOMB v. LITTLEJOHN

JURY—REFERENCE—NUISANCE.—In an action against a land owner for injunction to restrain him from obstructing a public road or private path across his lands, the right to use such way by the plaintiff or the public being denied by defendant, the issue of nuisance should be tried by a jury and not by a referee, and if found by the jury to exist, the court of equity will enjoin its continuance.

*McClellan* v. *Taylor,* 54 S. C., 430, *distinguished from this.*

Before TOWNSEND, J., Cherokee, September, 1901.   Reversed.

Action by W. Sam. Lipscomb against Newton G. Littlejohn.   From order referring issues, defendant excepts.

*Messrs. Duncan, Sanders & Hall* and *Butler & Osborne,* for appellants, cite: *Issue of damages should be tried by*

*jury:* 17 S. C., 416; 24 S. C., 9; 42 S. C., 95; 61 S. C., 5; 52 S. C., 451. *If title to land is involved it is error to refer it:* 60 S. C., 559; 61 S. C., 1. *The question of nuisance is for jury:* 17 S. C., 416; 42 S. C., 95; 24 S. C., 44; 10 Ency., 799; 1 High on Inj., 570. *As to waiver of appeal by appellant:* 2 Ency. P. & P., 173; 58 S. C., 456; Code, 288; 59 S. C., 219; 28 S. C., 268; 58 S. C., 449.

*Messrs. Stayarne Wilson, D. E. Hydrick* and *J. C. Jefferies,* contra.

*Mr. Wilson,* cites: *Action is in equity and plaintiff is entitled to reference:* Code, 274a; Rule 18 Circuit Ct.; 54 S. C., 431; 6 Ency., 151. *Distinction between title to land and easement:* 15 S. C., 262; 42 S. C., 144; 37 S. C., 575; 35 S. C., 78. *There are exceptions to rule that jury must pass on question of nuisance:* 17 S. C., 417; 42 S. C., 96; 17 S. C., 418. *Defendant should have moved to submit issues on law side:* 35 S. C., 421; 5 S. C., 412; Code, 274, 274a, 275; Rule 28 Circuit Court; 53 S. C., 130. *Not necessary to have consent to order of reference:* 17 S. C., 544; 60 S. C., 569; 53 S. C., 131. *The two causes of action pending do not present the identity required by the rule to make one the bar of the other:* Vor. Code, 217; 21 Ency., 193, 201; 17 S. C., 35.

*Mr. Jefferies* cites: *In what cases will court of equity grant relief?* 2 Wood on Nuisances, sec. 777, 778; 110 N. Y., 8. *Equity may restrain a nuisance:* 2 Story Eq. Jur., sec. 925; 48 Am. Dec., 339; 59 Am. Dec., 244; 60 Am. Dec., 423; 69 Am. Dec., 184; 84 Am. Dec., 314; 5 Am. Dec., 186. *And to give equity this jurisdiction it is not necessary to show that party has no adequate remedy at law:* 3 Hare, 607; 11 Ga., 246; Wood on Nuisance, sec. 783.

March 7, 1902. The opinion of the Court was delivered by

MR. JUSTICE POPE. Judge Townsend, at chambers, after due notice, granted an order against the opposition to such

order by the defendant, by which he ordered, "that it be referred to J. C. Otts, Esq., as special referee herein, to take the testimony in this case and report the same to the Court, September 6, 1901." From this order the defendant has appealed, and at the hearing before this Court abandoned all the grounds of appeal except those numbered 10, 12, 13 and 15, which are as follows:

"10. In not holding that, if this be a civil action, it must be an action for damages, and that in granting an order of reference, defendant would be deprived of the right of having the case submitted to a jury, and in not refusing said order of reference.

"12. In not holding that the pleadings raise the question of title—as to whether the title in the alleged roads is in the public or in the defendant, and that, therefore, the question should be submitted to a jury.

"13. In not specifying in said order what testimony the referee should take, or upon what issues such testimony should be taken, thereby leaving it open for the referee to take testimony upon all issues, and so deprive the defendant of the right of having such examination of witnesses taken in the presence of a jury.

"15. Erred in granting the order of reference because it would deprive defendant of the right of trial by jury to determine whether or not there were such public road or private path on defendant's premises; and if so, whether such public road or private path was obstructed by defendant." .

To understand the application of these grounds of appeal to the case at bar, we think the pleadings should be made to appear. The complaint (omitting the caption) was as follows:

"Plaintiff alleges:

"1. That he is a citizen, freeholder and taxpayer of said county (Cherokee), with land upon each side of the land of defendant through which runs the highway hereinafter mentioned.

"2. That there now exists, and for more than twenty years

prior to its obstruction by defendant there had existed, a public road or private path in said county and State which connects and connected for said period the following public roads, to wit: (a) The Green River road, running by J. D. Jefferies' mill and Pacolet Mills; (b) The Pacolet River road, running alongside of Pacolet River and by residence of D. H. Mathis; and (c) The Burgess Saw Mill road, which connects the two last named roads and runs by the McAbe house. That said public road or private path connected and connects with the said Green River road very near the residence of defendant.

"3. That until obstructed by defendant, said public road or private path had, for more than twenty years, been used by the public for public and private purposes, openly and continuously, adversely and notoriously; and the public and this plaintiff had exercised this right, as matter of right, to use and travel said road at any and all times without let or hindrance of any one, and he and they still have such right.

"4. That at the purchase of the land through which said road runs, the defendant recognized the existence thereof as a public road, and the right of the plaintiff and those living on plaintiff's land, and of the public, to travel and use the same, and defendant received conveyance of the said land from the plaintiff with that right recognized between them. though not so specific in the conveyance, because unnecessary. That defendant well knew, as reason for such recognized right in plaintiff of said road, that it was the only practicable way of ingress or egress to and from plaintiff's surrounding property, with reference to either the Green River or the Pacolet River roads, and that said road was necessary to the enjoyment of said property.

"5. That notwithstanding the facts above alleged, defendant, in flagrant and selfish disregard and defiance of the aforesaid rights of the public and this plaintiff in said road, has heretofore closed, obstructed, ploughed up and, so far as he could, obliterated the same, thereby depriving the·public and this plaintiff of their right to the use thereof; and de-

clared and still declares his purpose to continue said obstructions, and to exclude the public and this plaintiff from same; and thereby has prevented and still prevents them from using said road, to the deprivation of their rights therein and irreparable injury to this plaintiff.

"6. That plaintiff is without adequate remedy save in the protection of this Court against the further and continued obstructions of said road by defendant, and against the interference of him with the use thereof by the public and this plaintiff.

"Wherefore, plaintiff asks judgment: 1. That defendant his agents and servants, be enjoined from in any way obstructing said road, or in any wise interfering with the full and free use thereof by the public and this plaintiff as a public road. 2. For such other relief as may be just."

To this complaint the defendant answers:

"The above named defendant, answering the complaint herein:

"1. Admits so much of said complaint as alleges that plaintiff is a citizen, freeholder and taxpayer in said county.

"2. Denies each and every other allegation contained in said paragraph, and each and every paragraph or portion thereof in said complaint, not herein admitted, explained or denied.

"Further answering, the defendant alleges:

"1. That the land whereon he now resides was inherited by him from his father, or purchased by him from his father's heirs, with the exception of a portion purchased from the plaintiff, and that at no time within defendant's memory has there ever been a public road running through said land nor any neighborhood road, or any other road nor path dedicated to the public or to any individual, either by grant, deed, prescription or otherwise.

"2. That if at any time there was ever such public road, path or other road open to public uses, said roads have been discontinued for more than twenty years, and such discontinuance is a bar to this action, and at no time has any com-

plaint been made to defendant by any person or persons except the plaintiff herein, concerning such roads.

"For a further defense, the defendant alleges:

"1. That a portion of defendant's land was purchased from the plaintiff, and the plaintiff on the 3d day of January, 1898, executed to defendant his deed of conveyance therefor, which deed contained among other things the following provisions, after a description of the premises: 'Reserving and retaining unto myself the right to locate and always have a wagon road through the said tract, as may best suit my convenience,' which shows that there was never, as far as plaintiff is concerned, any public road or path through said place. This deed was rejected by the defendant, and thereafter, to wit: On the 24th of January, 1898, plaintiff conveyed said tract of land to defendant by deed with full covenants of warranty, and at no time did defendant recognize the existence of any road of public nature nor the right of plaintiff or any one else to pass through and across the said lands of the defendant without the consent of the defendant; and further, that plaintiff has other roads whereby his lands are accessible without passing over and across defendant's lands.

"2. That defendant has never obstructed any roads of a public nature, but stretched wires across a road through defendant's yard for the purpose of preventing plaintiff from riding and driving over and across defendant's lands.

"3. That plaintiff has maliciously and intentionally trespassed upon defendant's lands, by riding and driving thereon, and causing his servants and agents to pass and drive wagons over and across said lands, and plaintiff has broken down and destroyed wire fencing and brush fencing which defendant had constructed to protect his lands, and to keep his cattle in his pastures, and had insulted and threatened to strike plaintiff and plaintiff's wife while they were following lawful pursuits and on defendant's own premises, and has caused plaintiff and plaintiff's servants to be arrested and tried before the Sessions Court on untenable charges, with the avowed purpose of causing defendant to expend

money in defense of said prosecution, and to 'drive defendant to his homestead,' and to harass and compel defendant to give him a road through defendant's premises.

"For a further defense, the defendant alleges:

"a. That plaintiff has an adequate remedy at law.

"* * * Wherefore, the defendant prays that the complaint herein be dismissed with costs, and that plaintiff, his servants and agents, be enjoined and restrained from entering upon or in anywise trespassing upon the lands of the defendant, and that (plaintiff) defendant give a good and sufficient bond for compliance therewith."

An examination of these pleadings must lead the mind to the conclusion that the plaintiff claims for himself and the general public a use of the lands which he admits are owned in fee by the defendant—that is, that there is a public road on and over said lands which the defendant notoriously obstructs so that the plaintiff and the general public cannot use. On the contrary, the defendant insists that the plaintiff and the general public have no public or private road over his lands, and especially over those lands which the plaintiff conveyed to the defendant; the defendant alleging that he refused plaintiff's deed to the land he sold to defendant until the plaintiff had expugned therefrom any admission that he, the plaintiff, should be allowed to have a right of way across said land. What issues are raised by these pleadings? Very clearly, they are that the defendant is obstructing a highway. This is asserted on one side and squarely denied on the other. If it is a highway, then plaintiff is entitled to an injunction against defendant. If it is not a highway, then the defendant is entitled to enjoy his own lands freed from any claim to a highway over the same. It is a nuisance to put wire fences across the supposed right of way, if the public has a right to a highway or private path across the lands, or it is not a nuisance to do so if no highway or private path exists to the general public. How is such an issue to be tried, in a court of equity or in a court of law before Judge and jury? The answer to this question must depend upon the solution

of this other question. Is not the assertion of a right by the public to pass upon the lands of the defendant against his will an invasion of the rights of the owner of the fee to land? It seems to be. Where, then, under our law, must such issues be tried? Clearly, in the Court on the law side before a jury. But it may be said, why cannot the court of equity try the whole issue? Simply because the Constitution and other laws of this Commonwealth forbid the courts of equity to try title to land. Once established on the law side of the Court that the defendant is guilty of a nuisance in putting wire fences or other obstructions across a public road or private path, as the latter is called in the law books, then the court of equity can apply the remedy of injunction to restrain such defendant from in any way obstructing the public road, but not before. The defendant objected to any reference to take the testimony. The law recited above is well established in the cases of *Kennerty* v. *Phosphate Co.,* 17 S. C., 417; *Hellams* v. *Switzer,* 24 S. C., 39; *Threatt* v. *Brewer Co.,* 42 S. C., 96; *Alston* v. *Limehouse,* 60 S. C., 569; and many other cases. Reference has been made in the argument presented by the respondent to the case of *McClellan* v. *Taylor,* 54 S. C., 430, as supporting the jurisdiction of the Court on its equity side to hear and determine this contention; but an examination of that case will show that such case will not help the respondent, for in that case it was claimed that the use of the right of way was as a *licensee;* of course, such a license was revocable at the will of the owner of the land, under the facts in that case. The owner did revoke the license. The former licensee *persisted,* time after time, in the exercise of the license though revoked. How different are the allegations of facts in this case. Here it is either a nuisance or no nuisance. The public road exists or it does not exist. So all the exceptions must be sustained and the order of reference must be revoked.

It is the judgment of this Court, that the order of reference appealed from must be set aside and that the action be remitted to the Circuit Court.