### 6602

### RIPPY v. SMITH.

JURISDICTION.—ON APPEAL from judgment of Circuit Court on findings of fact by referee in a law case, this Court can only review errors of law.

Before DANTZLER, J., Cherokee, November Term, 1906. Affirmed.

Action by C. D. Rippy *et al.* against A. J. Smith. From judgment for plaintiffs, defendant appeals.

*Mr. N. W. Hardin,* for appellant, cites: *Consideration of new contract is extinguishment of old:* 16 Ency., 865, 871; 11 Rich., 137; 61 S. C., 448; 2 Camp., 124, 383; 2 Stork, 417; 3 Camp., 175; 15 M. & W., 23; 1 Smith Lead Ca., 639, 668; 25 Ency., 900; 10 So. R., 293; 101 Mo., 534; 48 S. C., 458; 61 S. C., 448; 21 S. C., 239.

*Messrs. Butler & Osborne,* contra, cite: *Findings by Circuit Court are final:* 63 S. C., 45; 58 S. C., 1; 51 S. C., 560. *There must be a new and independent consideration to support the new contract here set up:* 35 S. C., 180; 61 S. C., 456; 1 Cyc. 319, 320.

July 23, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   On February the 14th, 1904,
James Rippy, of Cleveland County, N. C., died possessed
of certain real estate in Cherokee County, of this State.   His
will being attested by only two witnesses was not recognized
as valid here, hence his heirs brought an action for partition
of the said property.   The appellant herein, J. A. Smith,
under a fee simple deed to the premises made by James
Rippy, deceased, dated August 27th, 1901, claimed a cer-
tain mineral interest in the lands described in the complaint.
He was, therefore, made a party defendant.   According to
the original agreement appellant was to pay four hundred
dollars for the property, the first hundred to be paid eighteen
months after date and the balance in three yearly install-
ments of one hundred dollars each.   The deed provided
that upon failure to make any payment when due the land
should revert to the original owner.   Appellant proved the
first two payments and then sought to prove a subsequent
agreement between himself and Rippy, by which Rippy
agreed to accept one hundred dollars as payment in full for
the remaining debt.   The respondents denied such agree-
ment and alleged by failure of payments of the last two
installments appellant had forfeited his title to the land.
The issues of law and fact were referred to a special referee,
who after hearing the testimony overruled the contentions
of the appellant.   The matter came up before the Hon. Chas.
G. Dantzler, on exceptions to the referee's report, at the
November, 1906, term of Court for Cherokee County, who
passed a decree sustaining the findings made.   The defend-
ant, J. A. Smith, now appeals to this Court.

The issue necessarily raised by the pleadings is that of
title to the land in dispute.   This question might properly
have been submitted to a jury, but the parties chose to waive
their right to such trial and submitted all questions to a
referee.   He made his report which on appeal was affirmed
by the Circuit Court, a Court having power to review the
findings of fact made by the referee.   When an appellant
comes to this Court, however, he should bear in mind that

its power of review in law cases extends only to errors of law, that as to questions of fact it has absolutely no jurisdiction. Therefore, when a referee, or the Circuit Court, passes on questions of fact in law cases the conclusion reached is final. *Lipscomb* v. *Littlejohn,* 63 S. C., 45; 40 S. E., 1023; *Ross* v. *Jones,* 58 S. C., 1, 35 S. E., 462. An examination of the exceptions relied on by the appellant in this case will show that they raise only questions of fact. These having been passed upon by the Court below, its decision is final.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.