11147

WILLARD *ET AL.* v. FINCH *ET AL.*

(116 S. E., 96)

1. APPEAL AND ERROR—FINDING SUPPORTED BY EVIDENCE CONCLUSIVE.— A proceeding to enforce a statutory lien being essentially legal in nature, the Court's finding that a mortgagee had no actual notice of a mechanic's lien sought to be enforced is not reviewable, unless wholly unsupported by evidence or clearly influenced or controlled by error of law.

2. MECHANICS' LIENS—LIEN FOUNDED ON DEBT FOR LABOR PERFORMED OR MATERIALS FURNISHED NOT CREATED UNTIL LABOR IS PERFORMED OR MATERIAL FURNISHED.—A lien founded on a debt due for labor performed or material furnished, is not created until the labor is performed or the material furnished.

Before SEASE, J., Spartanburg, May, 1922. Affirmed.

Proceeding by C. R. Willard and others, partners, under the firm name of Willard-Boggs Company, against W. T. Finch, the Pickens Roofing & Sheet Metal Company, Frank Hodges, and others. From a decree for defendant, Hodges, defendant corporation appeals.

See, also, 121 S. C., 1; 113 S. E., 302.

*Mr. J. Hertz Brown,* for Pickens Roofing & Sheet Metal Company, appellant, cites: *Furnishing labor or material creates a mechanic's lien:* 110 S. C., 30. *Mortgagee with actual notice not entitled to protection:* 110 S. C., 32. *Mortgagee charged with notice of fact that inquiry would have shown:* 14 S. C., 321; 106 S. C., 319; 34 S. C., 559.

*Messrs. Lyles, Daniel & Drummond,* for respondent, cite: *Foreclosure of lien is legal action:* 83 S. C., 396. *Facts not reviewable:* 107 S. C., 369; 90 S. C., 319; 91 S. C., 129. *Case is like* 110 S. C., 1.

March 2, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The appeal arises out of a proceeding to establish and foreclose a mechanic's lien claimed against the New Finch Hotel property in the City of Spartanburg. The question raised is as to whether the lien of the Pickens Roofing & Sheet Metal Company, appellant, is entitled to priority over either of three mortgage liens acquired by Frank Hodges, the respondent.

In 1918 W. F. Finch commenced the erection of a substantial addition to his old hotel building. In the early part of 1920 he found it necessary to borrow money to carry on construction, and applied to Hodges for a loan. Hodges lent hm $150,000.00 April 10, 1920, on a mortgage of his old and new hotel properties, recorded April 13, 1920; $25,000.00 on a second mortgage, recorded December 10, 1920; and $5,000.00 on a third mortgage, recorded December 14, 1920. The appellant contracted with Finch in March, 1920, to do certain work on the roof of the hotel building for $2,149.00. The work was commenced in March, 1920, and completed August 26, 1921, nearly 18 months after it was started. Appellant was paid $1,000.00 by Hodges on April 24, 1920, and $200.00 by Finch on May 4, 1920. On October 5, 1921, appellant filed the statutory

notice of its lien in the sum of $949.00. The appellant contends that Hodges, the mortgagee, had actual notice of appellant's lien before he took any one of his three mortgages. The issue was passed upon by the Master, who found as a fact that Hodges did not have such actual notice. That finding was approved and affirmed by the Circuit Judge, Hon. T. S. Sease, and the appeal is from his decree.

A proceeding for the enforcement of a statutory lien is essentially legal in its nature (*Metz v. Critcher,* 83 S. C., 396; 65 S. E., 394), and a finding of fact by the Circuit Court upon the issue here involved is not reviewable in this Court, unless wholly unsupported by evidence, or unless it clearly appears that such finding was influenced or controlled by error of law. *Sawyer v. Mabus,* 107 S. C., 369; 92 S. E., 1029; *Stack v. Haigler,* 90 S. C., 319; 73 S. E., 354; *Kershaw v. Burns,* 91 S. C., 129; 74 S. E., 378. The finding of the Circuit Court that the mortgagee, Hodges, did not have actual notice of the lien claimed by appellant is amply supported by evidence. No contention is made that it is manifestly attributable to an erroneous conception or application of the law. It follows that the exceptions must be overruled.

The point that there were undisputed facts in evidence sufficient to put the mortgagee, Hodges, upon inquiry as to the appellant's lien, and that Hodges was chargeable as a matter of law with actual notice of such facts as could have been ascertained by proper inquiry, has been given careful consideration. The evidence, however, fails to disclose that at the time either of the mortgages was executed and recorded the appellant's lien for the $949 balance here claimed was then in force. The appellant's work was not finished until August 26, 1921, nearly nine months after the third and last mortgage was recorded. "The instant the labor or material is furnished, that instant the lien is created betwixt the two parties to the transaction." *Williamson v. Hotel Melrose,* 110 S. C., 1; 96 S. E.,

407. But a lien founded on a debt due for labor performed or for materials furnished is not created until the labor is performed or the material furnished. The evidence tends to establish or is entirely consistent with the inference that for all work done or material furnished prior to the recordation of the mortgages appellant was fully paid. As it does not clearly appear as a fact that any lien actually existed in favor of the appellant for the debt here involved at the time the mortgages were recorded, it could not, of course, be held that the most diligent inquiry would have disclosed such fact.

The decree of the Circuit Court is accordingly affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and FRASER concur.

MR. JUSTICE COTHRAN did not participate.