### 11760

### GROCE v. GROCE *ET AL.*

#### (127 S. E., 719)

1. WILLS—EVIDENCE HELD INSUFFICIENT TO ESTABLISH CONTRACT TO MAKE WILL.—Evidence *held* insufficient to establish contract by mother to make will in favor of son as compensation for services rendered.

2. DEEDS—EVIDENCE HELD INSUFFICIENT TO SHOW DEED PROCURED BY FRAUD OR UNDUE INFLUENCE.—Evidence *held* insufficient to show that deeds to property were obtained by fraud or undue influence to detriment of grantor's son, claiming under contract of grantor to make will.

3. APPEAL AND ERROR—APPELLANT HAS BURDEN OF SATISFYING COURT OF CORRECTNESS OF HIS CONTENTION BY PREPONDERANCE OF EVIDENCE. —One appealing from adverse decree in suit to establish title to property claimed under contract, whereby plaintiff's mother agreed to make will in his favor, has burden of satisfying Supreme Court of correctness of his contention by preponderance of evidence.

Before TOWNSEND, J., Greenville County, November, 1923. Affirmed.

Action by T. M. Groce against A. B. Groce and others. From a decree for defendants, plaintiff appeals.

The evidence in this case tends to show that plaintiff had lived with his mother for 16 years, and during that period had rendered her faithful and devoted attention; that she was never happy or contented, except at her home place with plaintiff. A number of witnesses, neighbors and tenants, testified that they had heard decedent on repeated occasions state that the home place was to be plaintiff's; that she intended to give it to him because of the service he was rendering her, and that she seemed to recognize her obligation to him, and intended to give him the home place in fulfilment of it.

The testimony of defendants, who claimed under deeds executed by deceased after she had become feeble, tended to show that they recognized existence of such agreement, but claimed that plaintiff himself had breached it.

There was also evidence that decedent had at one time made a will leaving the property involved to plaintiff, but had later destroyed it in a fit of temper. Another will, made after execution of the deeds under which defendants claimed, purported to give the property to plaintiff and his wife, and contained the statement, that such property would "be full compensation to them for all care," indicating that her real desires had not been carried out in the terms of the prior deeds, which had been executed while decedent was away from home, and at a time when plaintiff was denied admission to her room, though certain of the grantees had been in counsel with her for an hour or two.

The following is the decree of the trial Judge, on which the Supreme Court bases its decision:

"This action was heard by me on exceptions to the master's report at the November, 1923, term of said Court. After carefully considering the evidence reported by the master, I find that the plaintiff has failed to establish the contract with his mother, Mrs. Lucretia Groce, alleged in the complaint. The evidence shows that she for a number of years intended to leave him by will the property

in question, in consideration of his living with her and caring for her as a son; but it does not show any agreement, contract, or legal obligation on her part to do so. See *Dicks v. Cassels,* 100 S. C., 341; 84 S. E., 878. *Kerr v. Kennedy,* 105 S. C., 496, 500, 505; 60 S. E., 177.

"The circumstance that plaintiff knew when the land was being surveyed for division between him and his brothers and sisters, and of the making of the deeds herein attacked as in contravention of the alleged agreement, when told to get out, and got out in accordance with such notice, and without then asserting any claim to the land, tends to show there was no contract giving him a right to it. The making of the deeds by Mrs. Lucretia Groce shows the construction placed by her upon any agreement she had with her son, and he by quiet acquiescence corroborates her construction. As said in *Joyner v. Hoffman,* 59 S. C., 535; 38 S. E., 174, 177: 'If the plaintiffs had objected to the construction placed upon the contract by Mrs. Willis [Groce] during her lifetime, much hidden light could have been shed upon the case.'

"The first, second, third, fifth, eighth, ninth, eleventh, and twelfth exceptions to the master's report are sustained.

"The evidence is insufficient to show that the deeds attacked in this action were procured by the exercise of any fraud or undue influence upon Mrs. Lucretia Groce, or that she lacked capacity to execute the same.

"It is therefore ordered, adjudged, and decreed that the report of the master be set aside, and that the complaint be and hereby is dismissed."

*Messrs. Bonham, Price & Poag, W. M. Walters* and *T. H. Munro,* for appellant, cite: *Admission of indebtedness with promise to make a will supported assumps it:* 1 McM., 486. *Similar agreement held enforceable:* 48 S. C., 86. *Existence of contract inferred from statements of deceased:* 53 S. C., 383. *Direct evidence aided by relations of the parties and their business habits may establish a contract:* 91 S. C., 290.

*Messrs. Bomar, Osborne & Brown* and *Haynsworth & Haynsworth,* for respondents, cite: *Agreement to make a will must be definite and certain established by clear, convincing evidence:* 73 S. C., 155; 100 S. C., 496; 90 S. E., 177. *Binding nature of agreement must be understood:* 100 S. C., 341; 84 S. E., 878. *Contract required to be deliberately entered into:* 22 S. C., 486. *Attitude of Courts to similar contracts:* 280 Fed., 663 & 671. *Effect of declaration of testamentary intention:* 76 N. J. Eq., 386; 77 Atl., 354. *Where parties live together for mutual convenience:* 146 Ky., 316; 117 Ky., 547; 197 S. W., 950. *Failure to object to breach of contract:* 59 S. C., 528 at 535. *Breach of contract by beneficiary:* 94 S. C., 267.

May 6, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The decree of Judge Townsend is satisfactory to this Court under the authorities quoted by him (*Dicks v. Cassels,* 100 S. C., 341; 84 S. E., 878. *Kerr v. Kennedy,* 105 S. C., 496, 500, 505; 90 S. E., 177. *Joyner v. Hoffman,* 59 S. C., 535; 38 S. E., 174), and also *Cromwell v. Simons* (C. C. A.), 280 F., 663; 671. *Van Horn v. Demarest,* 76 N. J. Eq., 386; 77 A., 354. *Bolling v. Bolling's Adm'r,* 146 Ky., 316; 142 S. W., 387, Ann. Cas., 1913C, 306. *Armstrong's Adm'r v. Shannon,* 177 Ky., 547; 197 S. W., 950, and it is incumbent that the appellant should satisfy this Court of the correctness of his contention by the preponderance of the evidence, which he has failed to do.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES FRASER and MARION and MR. ACTING ASSOCIATE JUSTICE JAS. W. JOHNSON concur.

MR. JUSTICE COTHRAN did not participate.