13911

CAROLINA SAVINGS BANK v. ELLIS *ET AL.*
(COLE *ET AL.*, INTERVENERS)

(173 S. E., 355)

70

76

84

88

*Messrs. Honour B. Gelson, Augustine T. Smythe* and *Mitchell & Horlbeck,* for appellants,

*Mr. G. L. Buist,* for respondents,

*Messrs. A. R. McGowan, John I. Cosgrove* and *John J. Bouhan,* for respondents,

September 28, 1934.

The opinion of the Court was delivered by Mr. W. C. Cothran, Acting Associate Justice.

This is a most interesting case, and the reading of the voluminous record, the study of the various exhibits, together with the closest attention to the briefs of counsel, create a most vivid story of human interest.

The suit was brought by the bank, as executor, as an equitable proceeding to obtain instructions from the Court as to the distribution of the estate of John Richardson

Campbell of Charleston, who died testate. It is with considerable difficulty that we refrain from writing a full story of this case, but, as all of the material facts have been set forth in the elaborate report of the master, I am convinced of the futility of endeavoring to say again what he has so well said.

Although the suit was commenced in equity, the all-important question of fact immediately arose as to whether John Campbell of Macosquin, Ireland, and John Campbell of Charleston, the father of the testator, were one and the same person. The master has found as a fact that there were two men of similar name and the John Campbell of Macosquin was not the John Campbell of Charleston. The Circuit Judge has approved this finding of the master.

In either view of the case, whether the entire question be considered equitable or whether the question of the identity of John Campbell be a legal issue arising out of an equitable proceeding, we feel constrained to affirm the decree of the Circuit Judge.

If the proceeding be wholly equitable, the rule is that this Court "will not disturb the findings of the master concurred in by the Circuit Judge, unless such conclusions are against the clear preponderance of the evidence or without any supporting evidence; * * * it is incumbent upon the appellant to convince this Court that the Circuit Judge was in error in the conclusions reached by him on the facts." *Fant v. Easley Loan & Trust Co.,* 170 S. C., 61, 169 S. E., 659, 665; *Kaminski Hardware Co. v. Bag Co.,* 150 S. C., 244, 147 S. E., 874; *Cohen v. Goldberg,* 144 S. C., 70, 142 S. E., 36; *Miller v. Smith,* 103 S. C., 307, 88 S. E., 354; *Barrett v. Cochran,* 11 S. C., 29.

We hold that the conclusions reached by the master and the Circuit Judge are not against the clear preponderance of the evidence, and further hold that there was abundant supporting evidence to justify the conclusions reached.

If the proceeding be considered as one in equity with a legal aspect as to the finding of fact, the rule in law cases may be said to apply. That rule is that, if the issue be legal, conclusions of fact as found by the master and approved by the Circuit Judge are not subject to review by this Court. *Rippy v. Smith,* 77 S. C., 414, 57 S. E., 1097; *Ross v. Jones,* 58 S. C., 1, 35 S. E., 402, 36 S. E., 1; *Willard v. Finch,* 123 S. C., 56, 116 S. E., 96; *Fant v. Easley Loan & Trust Co., supra.*

Especial attention may be directed to the opinion of this Court in the case of *Weston v. Morgan,* 162 S. C., 177, 160 S. E., 436, and the authorities therein cited. That case began as a proceeding in partition, purely equitable, and because of the facts was decided as a law case. This case is very applicable to the present appeal, and shows conclusively that in purely legal findings of fact this Court is powerless to review such findings as are made by the master and concurred in by the Circuit Judge.

The report of the master herein together with the decree of the Circuit Judge are hereby affirmed and made the judgment of this Court.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.