14556

BROOKS v. CENTRAL BAPTIST CHURCH

(193 S. E., 326)

*Mr. Paul MacMillan,* for appellant, cites:

*Mr. A. R. McGowan,* for respondent, cites:

October 28, 1937.

The opinion of the Court was delivered by Mr. Justice Baker.

This action was commenced on March 26, 1935, and is for the sum of $1,789.09, alleged by respondent to be the balance due him for services as pastor of appellant church covering a period of several years and up to April 1, 1933, and at an agreed salary of $100.00 per month.

The appellant duly answered, denying all allegations of the complaint not admitted. Admitted that it was a corporation; that respondent was its pastor, but alleged that he received the compensation for his services agreed upon, and that it was not indebted to him in any amount. And further pleaded that a part of the alleged indebtedness accrued more than six years prior to the commencement of the action, and was therefore barred.

The matter was referred to Hon. Wm. G. Morrison, Master for Charleston County, who took the testimony offered by respondent and appellant, and transmitted the same to the Court of Common Pleas with his findings of fact, and recommended that respondent have judgment against appellant in the sum of $1,789.09, and costs of the action.

On exceptions to the Master's report, the cause came on to be heard before Hon. Wm. H. Grimball, Judge of the Ninth Circuit, who, after hearing argument of counsel, and "due consideration," concurred in the findings of fact as

found by the Master, and ordered that respondent have judgment against appellant in the sum recommended.

From this order for judgment, appellant comes to this Court on four exceptions imputing error to the trial Judge, Nos. I, II, and IV, complaining of findings of fact, and No. III of the admission in evidence of a letter from one L. R. Izzard to respondent and a statement of the account between appellant and respondent furnished respondent by the said Izzard.

While this case was tried as one in equity, that, is, the testimony was taken before a Master in equity and his findings reported to the Court of Common Pleas, and passed upon by the Circuit Judge, it is unquestionably a case at law, and the rule in law cases must be applied. That rule is that, if the issue be legal, conclusions of fact as found by the Master and approved by the Circuit Judge are not subject to review by this Court, unless wholly unsupported by evidence, or unless it clearly appears that such finding was influenced or controlled by error of law. See *Willard et al., v. Finch et al.,* 123 S. C., 56, 58, 116 S. E., 96, and cases therein cited; *Carolina Savings Bank v. Ellis et al.,* 174 S. C., 69, 97, 176 S. E., 355; *Weston v. Morgan,* 162 S. C., 177, 160 S. E., 436; *Dillon County v. Lane,* 114 S. C., 494, 104 S. E., 184.

With the above statement of the law as our measuring rod, and the findings or conclusions of fact of the Master and Circuit Judge being supported by evidence, and not having been influenced or controlled by error of law, Exceptions I, II and IV are overruled.

If it was intended to treat Exception II as raising a question of law, then it does not conform to the rule.

However, there is testimony by respondent that, as payments were made him, he credited these payments on "back salary," and that therefore no part of the balance sued for was barred by the six-year limitation.

In *Wardlaw v. Oil Mill,* 74 S. C., 368, 371, 54 S. E., 658, 659, 114 Am. St. Rep., 1004, it is stated: "It is true, that as

a general rule credits entered on an account current will be applied to the oldest items first, but this rule is not inflexible, and will not be followed when it would be inequitable to do so." In the case at bar, it would appear to be inequitable not to do so.

Exception III alleges error in the admission of a letter and statement as hereinbefore set forth.

There is testimony that one Izzard, the writer of the letter, and the one who furnished the statement, was the church clerk in charge of the books of the church at the time the statement was furnished, and a corporation is bound by the declarations of its agents within the apparent scope of their authority. The evidence was admissible as against interest. And it is significant that the books of the church showing the account were not offered in evidence to contradict or refute the statement furnished by appellant's church clerk as to what appeared on the account between respondent and appellant.

Further than this, the admission and rejection of proffered testimony is largely within the discretion of the trial Judge, and the circumstances and surrounding conditions may be taken into consideration in passing upon the admissibility thereof.

All exceptions are overruled and the judgment affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.