14776

RILEY v. BERRY *ET AL.*
(199 S. E., 866)

*Mr. T. B. Bryant,* for appellant,

*Messrs. John S. Bowman, P. L. Felder* and *Berry & Berry,* for respondent,

6

November 29, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

In making our statement of this case, we draw heavily upon the "Statement" contained in the Transcript of Record.

This case was brought by J. T. Riley, a young man of Orangeburg County, against J. A. Berry, Sr., and Pike Berry, two attorneys at law, who practiced at Orangeburg, South Carolina, under the firm and style name of Berry and Berry for a number of years. The summons and complaint was served in March, 1937, and alleged that the respondents had represented him as attorneys and had collected money for him, which they failed and refused to pay over to him. It was alleged that the appellant was due $1,831.46 from the respondents with interest thereon from February 12, 1937, on which date due demand was made for the said money. The respondent, J. A. Berry, answered, setting forth that he did not owe the appellant anything. Pike Berry answered and, in substance, admitted the allegations of the complaint as to the amount involved but, by way of counter claim, alleged that he was entitled to retain all of the money that he had collected for services rendered the appellant. The case was placed on Calendar No. 1 for trial but was not reached at the next ensuing term of Court. Shortly before the October term of Common Pleas Court convened, the respondents served notice that they would move before Judge Bellinger, presiding in this Circuit, to refer the case be-

·cause it involved an accounting. Over the objections of the appellant, the case was referred to Honorable B. H. Moss, County Judge, as Special Referee, to report his conclusions of law and fact to the Court. From the order of reference there was no appeal. After several references, the County Judge filed his report on January 7, 1938. The appellant and J. A. Berry, Sr., one of the respondents, took exceptions to the said report, and by consent the case was heard before Honorable Philip H. Stoll, Judge of the Third Judicial Circuit, at his chambers, Kingstree, S. C. Judge Stoll, by decree dated June 3, 1938, confirmed the report of the Special Referee, and

"Ordered, That plaintiff have judgment against the defendant, J. A. Berry, Sr., and Pike Berry, as co-partners under the firm name of Berry & Berry, for the sum of three hundred and ten and 21/100 ($310.21) dollars, together with interest thereon at the legal rate from January 7th, 1938, until paid.

"Further ordered, That the plaintiff have j u d g m e n t against the defendant, Pike Berry, for the sum of eleven hundred and eighteen and 75/100 ($1118.75) dollars with interest thereon from January 7th, 1938, at the legal rate until paid."

In the decree or order confirming the report of the Special Referee, and ordering judgment, Judge Stoll stated:

"I have carefully listened to the arguments on behalf of plaintiff and of the defendants; and under the authority of *Mitchum v. Mitchum*, 183 S. C., 75, 190 S. E., 104, it appears to me that the report of the Special Referee should be confirmed and made the judgment of this Court. *I have duly considered all of the matters brought to my attention by counsel engaged in the cause and also the entire record*". (Italics added.)

The appellant states in his printed argument that his six exceptions, raise three principal questions as follows:

"Was it error for the trial Court to find and hold that

the liability of J. A. Berry, Sr., was not co-extensive with the liability of Pike Berry?

"Was the allowance of the sum of $500.00 as Attorney's fee to the respondents excessive under the facts and circumstances?

"Was it error for the Trial Court to hold that he was bound under the authority of *Mitchum v. Mitchum*, 183 S. C., 75, 190 S. E., 104, to confirm the report of the Special Referee?"

Substituting the words "Special Referee" for the words "Master in equity" and "Master" in the second paragraph on Page 202 of the South Carolina Report of the case of *Brooks v. Central Baptist Church*, 185 S. C., 200, 193 S. E., 32, on Page 327, said paragraph reads as follows:

"While this case was tried as one in equity, that, is, the testimony was taken before a Special Referee and his findings reported to the Court of Common Pleas, and passed upon by the Circuit Judge, it is unquestionably a case at law, and the rule in law cases must be applied. That rule is that, if the issue be legal, conclusions of fact as found by the Special Referee and approved by the Circuit Judge are not subject to review by this Court, unless wholly unsupported by evidence, or unless it clearly appears that such finding was influenced or controlled by error of law. See *Willard et al. v. Finch et al.*, 123 S. C., 56, 58, 116 S. E., 96, and cases therein cited; *Carolina Savings Bank v. Ellis et al.*, 174 S. C., 69, 97, 176 S. E., 355; *Weston v. Morgan*, 162 S. C., 177, 160 S. E., 436; *Dillon County v. Lane*, 114 S. C., 494, 104 S. E., 184."

The position may well be taken by appellant that respondents are estopped from claiming that this is not an equity case, since it was on respondents' motion and over the protest of appellant that the case was referred, but we do not see where this strengthens appellant's appeal.

In *Carolina Savings Bank v. Ellis et al.,* supra, we find the following at Pages 96 and 97 of 174 S. C., 176 S. E. at Page 366:

"If the proceeding be wholly equitable, the rule is that this Court 'will not disturb the findings of the Master concurred in by the Circuit Judge, unless such conclusions are against the clear preponderance of the evidence or without any supporting evidence; * * * it is incumbent upon the appellant to convince this Court that the Circuit Judge was in error in the conclusions reached by him on the facts.' *Fant v. Easley Loan & Trust Co.,* 170 S. C., 61, 169 S. E., 659, 665; *Kaminski Hardware Co. v. Bag Co.,* 150 S. C., 244, 147 S. E., 874; *Cohen v. Goldberg,* 144 S. C., 70, 142 S. E., 36; *Miller v. Smith,* 103 S. C., 307, 88 S. E., 354; *Barrett v. Cochran,* 11 S. C., 29. * * *

"If the proceeding be considered as one in equity with a legal aspect as to the finding of fact, the rule in law cases may be said to apply. That rule is that, if the issue be legal, conclusions of fact as found by the Master and approved by the Circuit Judge are not subject to review by this Court. *Rippy v. Smith,* 77 S. C., 414, 57 S. E., 1097; *Ross v. Jones,* 58 S. C., 1, 35 S. E., 402, 36 S. E., 1; *Willard v. Finch,* 123 S. C., 56, 116 S. E., 96; *Fant v. Easley Loan & Trust Co. supra.*"

From a careful reading of the record, we cannot hold that the conclusions reached by the Special Referee and concurred in by the Circuit Judge are against the clear preponderance of the evidence, or were without supporting evidence. It may well be that this Court would have reached different conclusions, but we cannot say that the conclusions arrived at were wholly without supporting evidence.

But appellant contends that the Circuit Judge held that he was bound under the authority of *Mitchum v. Mitchum* 183 S. C., 75, 190 S. E., 104, to confirm the report of the Special Referee, and therefore such finding was influenced or controlled by error of law. We have

hereinbefore set out the portion of the order appealed from which refers to the *Mitchum case,* and cannot presume that the Circuit. Judge intended to convey more than that the Special Referee "saw the witnesses, heard the testimony delivered from the stand, and had the benefit of that personal observation of and contact with parties and witnesses which may be of peculiar value in arriving at a correct result in a case of this character," and that he could suggest no reason for imperatively requiring him to set aside the report of the Special Referee. Furthermore, it will be noted that the sentence in his order following the reference to the *Mitchum case,* reads as follows: "I have duly considered all of the matters brought to my attention by counsel engaged in the cause *and also the entire record."* (Italics added.)

We must assume that the learned Circuit Judge was ■ fully cognizant of and thoroughly understood the holding in the *Mitchum case,* and would not have confirmed the report of the Special Referee had he reached a different conclusion. In fact, as above pointed out, his order declares that he had duly considered the entire record.

All exceptions are overruled, and the judgment appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.