14795

BAYLOR ET AL v. BATH ET AL

(1 S. E. (2d), 189)

272

*Messrs. Lee & Shuler,* for appellants,

*Messrs. A. C. Hinds* and *M. L. Meadors,* for respondents,

December 29, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

We have so recently stated the rules governing the powers of review by this Court in proceedings where the issues are equitable, and legal, and in which the Circuit Judge has concurred in the conclusions and findings of fact by the Special Referee or Master, we deem it unnecessary to here again repeat these rules. See *Riley v. Berry,* S. C., 199 S. E., 866, quoting *Carolina Sav. Bank v. Ellis et al.,* 174 S. C., 69, 96, 97, 176 S. E., 355.

In the decree of the Circuit Judge ratifying, confirming and making the report of the Referee the judgment of the

Court of Common Pleas, appears the following: "The Referee has written a strong Report, and there is abundant evidence to support his findings and recommendation. While of course the testimony on some features of the case is conflicting, there is ample testimony to substantiate each of the Referee's conclusions. *Under these circumstances, I am bound by the decision of the Supreme Court of this State in the case of Mitchum v. Mitchum, 183 S. C., 75, 190 S. E., 104, and the authorities therein cited.*" (Italics added.)

In the *Riley v. Berry case, supra,* the same Circuit Judge referred to the *Mitchum case,* in confirming the report of the Special Referee. The opinion in that case reads in part as follows (page 868):

"But Appellant contends that the Circuit Judge held that he was bound under the authority of *Mitchum v. Mitchum,* 183 S. C., 75, 190 S. E., 104, to confirm the report of the Special Referee, and therefore such finding was influenced or controlled by error of law. We have hereinbefore set out the portion of the order appealed from which refers to the *Mitchum case,* and cannot presume that the Circuit Judge intended to convey more than that the Special Referee 'saw the witnesses, heard the testimony delivered from the stand, and had the benefit of that personal observation of and contact with parties and witnesses which may be of peculiar value in arriving at a correct result in a case of this character,' and that he could suggest no reason for imperatively requiring him to set aside the report of the Special Referee. Furthermore, it will be noted that the sentence in his order following the reference to the *Mitchum case,* reads as follows:

" 'I have duly considered all of the matters brought to my attention by counsel engaged in the cause *and also the entire record.* (Italics added.)

"We must assume that the learned Circuit Judge was fully cognizant of and thoroughly understood the holding in the *mitchum case,* and would not have confirmed the report of the Special Referee had he reached a different con-

clusion. In fact, as above pointed out, his order declares that he had only considered the entire record."

We desire to here and now settle any apparent misunderstanding of the holding in the said *Mitchum case*. That case in no wise changed the law as it existed. When an appeal is taken to the Circuit Court from the conclusions of law and findings of fact by a Referee or Master, it is the duty of the Circuit Judge to carefully review the entire record and, after giving due weight to the fact that the Referee or Master "saw the witnesses, heard the testimony delivered from the stand, and had the benefit of that personal observation of and contact with parties and witnesses which may be of peculiar value in arriving at a correct result," should he reach a conclusion different from that of the Referee or Master it is not only within his power, but it is his duty to reverse the conclusions and findings of the Referee or Master. Rendering a judgment for or against a litigant in the Court of Common Pleas, and in any other Court for that matter, is a solemn act, and not one of formality.

Without adhering to the rules governing the power of review by this Court, we have in this case carefully considered the record before us, and are of the opinion that the report of Honorable R. W. Sharkey, Judge of the Civil Court of Florence, Special Referee, should be confirmed, and that the decree of the Circuit Judge, ratifying and confirming same, should be affirmed.

All exceptions have been considered and are overruled, and the judgment of the Court of Common Pleas is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.

## On Petition for Rehearing

Rehearing denied December 29, 1938. *Per curiam.*

There was ample testimony in the record to warrant the finding by the Special Referee that H. O. Pipkin had made an agreement or contract to make a will, and his holding thereabout was therefore affirmed.

The only information concerning a share-crop agreement contained in the Transcript of Record was a short statement to this effect in the "Statement," and the reference thereto in the report of the Referee. There is no exception which raises the issue that there was no consideration for the contract to make a will by reason of the alleged share-crop agreement requiring the almost identical services to be performed.

In the opinion filed, we were careful to point out that by reason of the apparent misunderstanding by the Circuit Judge of the holding in the *Mitchum case,* we were not adhering to the rules governing the power of review by this Court, and that we had carefully considered the record before us.

Petition refused.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.