15033

McMILLAN *v.* KING *ET AL.*

(7 S. E. (2d), 521)

August, 1939.

The amended complaint and order of Judge Dennis, ordered by the Supreme Court to be reported, follow:

The plaintiff herein, Mary King McMillan, as substituted plaintiff for and in the place of and stead of Capitola H. King, deceased, respectfully shows the Court in her amended complaint:

1. That plaintiff is the daughter of the late J. W. King and Capitola H. King, both now deceased, who resided in the county and State aforesaid at the times of their respective deaths.

2. That the late J. W. King departed this life on the 19th day of February, 1934, leaving of force his last will and testament which was duly filed for probate and is now on file in the office of Judge of Probate for Marion County.

3. That plaintiff's mother, Capitola H. King, departed this life on the 29th day of December, 1935, leaving a last will and testament which has been filed in the office of the Judge of Probate of Marion County, in which Wm. Eugene King and H. M. Felder are named executors and they are made parties defendant in this action, even though the said last will and testament is now being contested in the Probate Court and the matter of probating said will is now pending in the said Probate Court for Marion County.

4. That the said Capitola H. King left surviving as her only heirs-at-law her daughter, Mary K. McMillan, the plaintiff herein, and her sons, W. E. King and Joseph W. King, defendants herein, and one grandson, E. Howard King, and one granddaughter, Ernest Hope Dixon, children of a deceased son, Ernest King, who died previous to the death of Capitola H. King.

5. That the late J. W. King during his lifetime owned the lot of land hereinafter described and on the 11th day of April, 1933, he conveyed said tract to Capitola H. King according to an agreement he made on said date with her which agreement is hereinafter set forth, the said lot of land being described as follows: "All that certain piece, parcel or lot of land situate, lying and being on the west side of Main Street in the town of Mullins, State and County aforesaid, containing one acre, more or less, and bounded as follows: North by lot formerly of E. D. Jolly, but now owned by J. T. Barnhill; East by Main Street; South by lot formerly of Elizabeth Rogers, and now owned by Ben Snyder; West by lands of William C. Schoolfield and Tina C. Schoolfield. Being the same premises occupied by J. W. King and Capitola H. King as their home at the dates of their respective deaths."

6. That on April 11, 1933, J. W. King and Capitola H. King, the father and mother of the plaintiff, entered into an oral agreement whereby it was agreed between them that J. W. King would convey the lands above mentioned to Capitola H. King and that Capitola H. King would make a will and devise the said property to the plaintiff. That in pursuance of this agreement J. W. King did execute and deliver to Capitola H. King a deed for the property above described, and said deed was duly recorded by her in clerk's office for Marion County, State aforesaid, on the 24th day of May, 1933, in Deed Book A-29, page 370; and that in pursuance of said oral agreement Capitola H. King did make her last will and testament dated May 10, 1933, which (omitting formal opening paragraph and the execution and

attestation) contained one paragraph only as follows: "I will, devise and bequeath to my daughter, Mary King Mc-Millan, all that certain piece, parcel or lot of land, on the west side of Main Street, in the town of Mullins, State and County aforesaid, containing one acre, more or less, and bounded as follows: On the north by lot formerly owned by E. D. Jolly, but now owned by J. I. Barnhill; on the east by Main Street; south by lot formerly owned by Elizabeth J. Rogers, and now owned by Ben Snyder, and west by lands of William C. Schoolfield and Tina C. Schoolfield. This lot of land being conveyed to me by my husband, J. W. King, by deed dated April 11, 1933"; that said will was placed in an iron safe in the home of the said Capitola H. King for safekeeping, but since her death said will has never been offered for probate, but two other purported wills of Capitola H. King have been offered for probate, which question is now pending in the Probate Court for said county and State, the second will devising property to plaintiff and the third will devising said property to the defendant, Joseph W. King.

7. That in derogation of this solemn oral agreement with her husband, Capitola H. King, on the 25th day of July, 1934, conveyed said property to the defendant, Joseph W. King, without any consideration whatsoever therefor, said deed appears of record in clerk's office for Marion County, State aforesaid, in Deed Book A-30 at page 250.

8. That the said Joseph W. King well knew of the agreement between his father, J. W. King and his mother, Capitola H. King, that said property would go to Mary K. Mc-Millan after the death of the said Capitola H. King, and knew that Capitola H. King had made a will carrying out the agreement hereinabove set out.

9. That said property is now in possession of Joseph W. King, defendant herein, and she is informed and believes there is no encumbrance thereon.

10. That in pursuance of the agreement aforesaid between her father and her mother, the plaintiff is the owner

of the same and entitled to possession thereof, and the defendant, Joseph W. King, refused and still refuses to convey said property to her despite her repeated demands on him for such conveyance; that her father's estate has been settled and is solvent and her mother's estate is solvent.

11. That on December 24, 1934, the said Capitola H. King learned that the property herein mentioned was in the name of Joseph W. King and she immediately demanded a reconveyance of the property to her, and again reminded Joseph W. King of the fact that the property was to go to Mary K. McMillan at her death, the said Capitola H. King, and the said Joseph W. King refused to convey same to Capitola H. King and Capitola H. King brought an action in this Court asking this Court to cancel the said deed of record and declare the title to be in her for the benefit of the plaintiff herein, Mary K. McMillan, this substituted plaintiff having been made a party to this action by order of this Court, and after the death of Capitola H. King, Mary K. McMillan was substituted as plaintiff and files this as her amended complaint.

12. That Capitola H. King demanded that Joseph W. King deliver possession of said property to the said Mary K. McMillan and the said Joseph W. King did deliver to Mary K. McMillan certain keys purporting to be the keys to the said premises and house, and that she duly tried all the keys and none of them would unlock any of the doors on the premises.

13. That the said J. W. King would not have made the deed aforesaid to his wife, Capitola H. King, if she, said wife, had not agreed to devise the same to this plaintiff and that he made such deed to her only after she had agreed and consented to devise the same to Mary K. McMillan.

14. That Joseph W. King has rented said premises and collected rent therefor for several years, which rent since December 29, 1935, the date of death of Capitola H. King, rightfully belongs to this plaintiff, and the said Joseph W. King should be required to account for and pay over to plaintiff all rents collected for said premises since December

29, 1935, and to pay a reasonable rent therefor for any time which he may have occupied said premises himself or for which he did not collect rent.

Wherefore plaintiff prays: (1) The deed of record from Capitola H. King to Joseph W. King be cancelled of record; (2) that the Court declare Mary K. McMillan to be the owner in fee simple of the property herein described; (3) that the defendant, Joseph W. King, do account for rents collected and a reasonable rent for the premises since December 29, 1935, whether collected by him or not; (4) for such other and further relief as may be just and equitable, and for the costs of this action.

## ORDER

This matter comes before me on a demurrer to the second amended complaint in this cause.

In the original complaint in this action Mrs. Capitola H. King was the plaintiff. In general terms, the object of the action was to obtain a decree invalidating a conveyance made by Mrs. Capitola H. King to her son, the defendant, Joseph W. King. As the result of proceedings which are not material in the present matter, and following the death of Mrs. Capitola H. King, the present plaintiff, Mrs. Mary King McMillan, was substituted, and in due course she served her complaint. This complaint will hereinafter be referred to as the original complaint.

In her first amended complaint Mrs. McMillan attacked the same conveyance which was involved in the action as first brought by Mrs. Capitola H. King. The complaint alleged that the property in question was conveyed to Mrs. King by her husband under a verbal agreement between the two that Mrs. King would make a will devising the property to the present plaintiff, Mrs. McMillan, and that in violation of this agreement Mrs. King had conveyed the property to the defendant, J. W. King, who took the same with full knowledge of the alleged agreement.

Mrs. McMillan and Mr. King are children of Mrs. Capitola H. King.

In the original complaint there is no allegation from which it could be determined whether the alleged agreement between Mrs. Capitola H. King and her husband was oral or written. On this ground the answering defendants, including J. W. King, moved that the plaintiff be required to make the complaint more certain and definite by setting forth whether the said alleged agreement was oral or written. This motion was granted, and thereupon the plaintiff served her amended complaint, practically identical in terms with her original complaint, except that she shows in the amended complaint that the alleged agreement rested wholly in parol. The demurrer now before the court is to this amended complaint.

The principal ground of attack on the amended complaint raised by the several grounds of the demurrer is that the said complaint does not set forth facts sufficient to constitute a cause of action because the alleged agreement is not in writing.

Counsel for opposing parties do not appear to be in conflict on these elementary propositions:

(1) The agreement upon which the plaintiff relies is one which is required by statute to be in writing, and such an agreement, when resting wholly in parol, is not legally enforceable; but

(2) An oral agreement of the character in question is enforceable in equity upon a showing of facts which bring the case within the doctrine of part performance.

Assuming, therefore, that a demurrer is the proper remedy for raising the questions thus presented, it is only necessary to examine the complaint to determine whether in spite of the fact that the alleged agreement is not in writing, it may nevertheless be enforced under the doctrine of part performance.

That a demurrer is the proper remedy to deal with the questions thus presented has been definitely decided by our Supreme Court. The rule is that where a complaint involving a contract that comes within the

terms of the statute of frauds fails to show whether the contract is written or oral, this does not furnish a ground for demurrer, because it will be assumed in such a case that the contract is in the form required by law; but where the complaint shows on its face that such a contract is not in writing, its legality and enforceability under a statute of frauds are properly raised by a demurrer. *Groce v. Jenkins,* 28 S. C., 172, 5 S. E., 352; *Mendelsohn v. Banov,* 57 S. C., 147 35 S. E., 499; *Jumper v. Dorchester Lumber Company,* 119 S. C., 171, 111 S. E., 881.

The amended complaint showing on its face that the agreement in question was an oral agreement, the demurrer must be sustained unless there can be deduced from the said complaint some factual showing that the agreement is taken out of the statute of frauds by part performance.

It is not questioned that part performance on the part of the parties to the original contract would support the contract in favor of the plaintiff, although she was not a party to it. According to the allegations of the complaint, the agreement was made for the benefit of the plaintiff and it would therefore be enforceable by her both according to its own terms, and also on the basis of any acts done by the parties to the agreement itself to bring the case within the doctrine of part performance, if proper allegations on that subject can be found in the amended complaint.

An examination of the amended complaint fails, however, to disclose any acts done by the parties to the original agreement or by the plaintiff that would bring the case within the doctrine of part performance.

As to the original parties to the agreement all that transpired was that the original owner of the property conveyed the same to his wife by an instrument which is conceded to be an unconditional fee-simple conveyance. Thereafter, it is alleged, the grantee made a will devising this property to her daughter, the plaintiff herein. This devise is alleged to have been made in execution of the alleged oral agreement.

But the amended complaint shows that the will has been lost, and that regardless of this it was revoked by a later will. Neither the last will nor an alleged second will of similar purport makes any reference to the alleged agreement. So that even though, as the said complaint shows, the validity of Mrs. King's last will, in which she devises the property in question to the defendant J. W. King, has been questioned, this does not lend any support to or provide any written evidence of the alleged agreement.

It is well settled that a will is not a sufficient memorandum of an agreement required by the statute of frauds to be in writing if the testator afterwards makes a later and different will. *White v. McKnight,* 146 S. C., 59, 143 S. E., 552, 59 A. L. R., 1297.

And of course this rule would be all the more applicable in a case in which, as here, the will does not refer to the alleged agreement. (Ibid.)

The doctrine of part performance usually involves a showing that the party claiming land under an oral agreement went into possession of the land and made improvements thereon, or went into possession and thereafter made payments to the former owner on account of the purchase price. The doctrine doubtless includes many other states of fact, but it is founded largely on the doctrine of estoppel, and is founded on the equitable purpose to prevent a contractor under an oral agreement from getting the pecuniary benefits of an agreement to convey, without carrying out the agreement, and preventing the imposition of a serious loss to the purchaser of the property who in reliance upon an oral agreement has paid or expended money in reliance on his purchase.

Nothing of that character appears from the amended complaint in the present case. Giving effect to every allegation of the said complaint, and to the admissions resulting from the demurrer, we find in the pleading only an oral agreement by the father and mother of the parties litigant, whereunder it is alleged that the mother received a fee-simple

title to the property upon the understanding that she would devise the same to the plaintiff.

The doctrine of part performance has been the subject of a number of decisions of our Supreme Court in the above light, of which the following are illustrative: *Stuckey v. Truett,* 124 S. C., 122, 117 S. E., 192; *Brown v. Golightly,* 106 S. C., 519, 91 S. E., 869, Ann. Cas. 1918-A, 1185; *Kerr v. Kennedy,* 105 S. C., 496, 90 S. E., 177; *Turnipseed v. Sirrine,* 57 S. C., 559, 35 S. E., 757, 76 Am. St. Rep., 580; *Erskine v. Erskine,* 107 S. C., 233, 92 S. E., 465; *Groce v. Groce,* 131 S. C., 414, 127 S. E., 719; *McMillan v. McMillan,* 77 S. C., 511, 58 S. E., 431; Baylor v. Bath, 189 S. C., 269, 1 S. E. (2d), 139.

A specific holding of our Supreme Court that an agreement to devise lands is not enforceable, unless in writing, or unless taken out of the statute by a showing of part performance is found in the case of *Brown v. Golightly,* 106 S. C., 519, 91 S. E., 869, Ann. Cas. 1918-A, 1185. As this case, and other cases above cited, show, the agreement itself, and also the evidence of part performance, in such a case, must be established by clear and convincing testimony. And by a parity of reasoning, such an agreement, and the claim of part performance thereof, should each be alleged at least with definiteness and clarity when the sufficiency of the complaint is tested by demurrer.

Independently of the statute of frauds, the amended complaint sets forth an alleged agreement which could be proved only by violating the parol evidence rule. It is an inescapable inference from the allegations of the amended complaint that the deed made by the original grantor to his wife is an unconditional fee simple conveyance. Evidence in support of the alleged agreement would have the effect of varying the terms of that instrument, and for that reason would not be admissible in the absence of any showing of fraud or other facts upon which a constructive or resulting trust might be predicated, and no such facts are alleged in the amended complaint. On the contrary, counsel

for the plaintiff have expressly rejected the suggestion that they are relying upon an alleged trust. Their position is that they rely conclusively upon an express agreement which, as above set forth, is in conflict with the only written instrument that was made between the contracting parties. *Dowling v. DeWitt*, 96 S. C., 435, 81 S. E., 173; *Rogers v. Rogers*, 52 S. C., 388, 29 S. E., 812; *Carson v. McCaskill*, 111 S. C., 516, 99 S. E., 108; *Drake v. Drake*, 148 S. C., 147, 145 S. E., 705.

It appearing from the foregoing that the cause of action upon which the plaintiff relies is not maintainable, it is ordered and adjudged, That the demurrer to the amended complaint be and the same hereby is sustained, and that the complaint be dismissed.

*Messrs. Cordie Page, R. B. Harrelson* and *W. R. Symmes,* for appellant,

*Messrs. Samuel Want, S. H. Schoolfield, Jr.,* and *W. Marshall Bridges,* for respondent,

March 6, 1940.

The opinion of the Court was delivered by Mr. Wm. H. Grimball, Acting Associate Justice.

The conclusions of his Honor, Circuit Judge Dennis, in this cause are satisfactory to this Court. His decree is hereby affirmed.

Let the amended complaint and the decree of Judge Dennis be reported.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. ACTING ASSOCIATE JUSTICE DENNIS disqualified.